2006 ME 116

**Ronald P. SHERBERT**

v.

**U. Charles REMMEL II et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 18, 2006.

Decided: Oct. 17, 2006.

Valeriano Diviacchi, Esq., Diviacchi Law Office, Boston, MA, for plaintiff.

Timothy H. Norton, Esq., Jennifer A. Archer, Esq., Kelly, Remmel & Zimmerman, Portland, for defendant.

Panel: SAUFLEY, C.J., and DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] Ronald P. Sherbert appeals from the dismissal of his complaint against attorney U. Charles Remmel II and the law firm of Kelly, Remmel & Zimmerman, P.A., entered in the Superior Court (Cumberland County, *Cole, J.*). Because the court did not act on Sherbert's pending motion to amend the complaint prior to ruling on the motion to dismiss, we vacate the dismissal and remand to the Superior Court for action on Sherbert's motion to amend.

## I. BACKGROUND

[¶ 2] Sherbert filed a complaint in Superior Court against Remmel and his law

firm[1] on November 8, 2005, seeking damages for an allegedly fraudulent misrepresentation made by Remmel to the Portland Police Department. Sherbert alleges that Remmel's misrepresentation caused the police department to vacate a restraining order against a third person, Remmel's client. The client was then able to access and take Sherbert's property.

[¶ 3] On November 29, 2005, Remmel filed a motion to dismiss the complaint for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6) and for failure to plead fraud with particularity pursuant to M.R. Civ. P. 9(b). Sherbert filed a written opposition to the motion on December 19, 2005, in which he stated he would amend his complaint. Hearing on the motion to dismiss was held on January 20, 2006. Two days before the hearing, Sherbert filed a motion to amend the complaint, along with an amended complaint.[2]

[¶ 4] Sherbert is self-represented, and neither his complaint nor his amended complaint are models of clarity. However, the gist of his complaints center around his allegation that Remmel knowingly made

false statements to the police in order to obtain a rescission of the restraining order that kept Remmel's client from obtaining access to Sherbert's business, where Remmel's client had recently been employed. Sherbert's original complaint asserted that Remmel's actions constituted fraud, but it did not contain a claim of fraudulent interference with advantageous relations. His proposed amended complaint, however, did contain that claim.[3]

[¶ 5] After hearing arguments on January 20, 2006, the court issued an order dismissing Sherbert's original complaint on January 31, 2006. The court found that the specific fraud alleged in that complaint required proof that Sherbert *himself* had relied on Remmel's fraudulent misrepresentations to his detriment. Because the complaint alleged that the police department had been misled, not Sherbert, the court concluded that the complaint could not stand.[4] Accordingly, the court dismissed the complaint.

[¶ 6] The record contains no judicial notation or order regarding the amended complaint, nor does the record reflect a

1. For ease of reading, we will hereafter refer to the defendants collectively as "Remmel."

2. Neither the docket entries nor the motion court file contains any indication as to when notice of the motion hearing was sent to Sherbert. Because he appeared at the hearing, it is assumed that he received notice, but the filing of his motion to amend cannot be judged against the timing of the notice of hearing.

3. Along with other fraud-based torts, the amended complaint specifically alleged a cause of action for "tortious interference by fraud." In Maine, " '[i]nterference with an advantageous relationship requires the existence of a valid contract or prospective economic advantage, interference with that contract or advantage through fraud or intimidation, and damages proximately caused by the interference.' " *Petit v. Key Bank of Me.*, 688 A.2d 427, 430 (Me.1996) (quoting

*Barnes v. Zappia*, 658 A.2d 1086, 1090 (Me. 1995)) (alteration in original). When tortious interference is committed through fraud, we have recognized that the plaintiff must establish the elements of fraud in the following manner:

A person is liable for fraud if the person (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff. *Grover v. Minette–Mills, Inc.*, 638 A.2d 712, 716 (Me.1994).

4. The court also found that the complaint failed to allege specific circumstances constituting fraud as required by M.R. Civ. P. 9(b).

decision by the court to dismiss the original complaint *with prejudice*. Nonetheless, an entry on the docket sheet reads "Motion to Amend Pleading *Moot* on 1/31/2006" (emphasis added). That notation was entered on the docket on the same day as the entry of the order dismissing the original complaint. Sherbert filed a motion to reconsider the court's order of dismissal, which the court denied without hearing.

## II. DISCUSSION

[¶ 7] The question presented on this record is whether the court erred in dismissing the complaint before ruling on the pending motion to amend that complaint. "Generally, a party is entitled to a ruling on a motion." *Jones v. Suhre*, 345 A.2d 515, 517–18 & n. 5 (Me.1975) (declining to adopt a strict rule that unaddressed motions are denied as a matter of law). Leave to amend a complaint "shall be freely given when justice so requires." M.R. Civ. P. 15(a); *see also Barkley v. Good Will Home Ass'n*, 495 A.2d 1238, 1240 (Me.1985).

[¶ 8] Although the court may deny a motion to amend if it is untimely filed or filed for delay, action on the motion to amend should occur before the court entertains a dispositive motion. Similarly, "[a] court does not abuse its discretion when it denies a motion for leave to amend when the moving party fails to show how it could cure the complaint ...." *In re Petition of Sen*, 1999 ME 83, ¶ 10, 730 A.2d 680, 683 (citing *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 10, 708 A.2d 283, 286–87). In other words, although denial may be appropriate for late, dilatory, or ineffective filings, a trial court should ordinarily rule on a motion to amend before acting on a motion that could be dispositive of the original complaint. *See Jones*, 345 A.2d at 518.

[¶ 9] In the matter before us, it appears that the court never addressed Sherbert's motion to amend, and never undertook a review of the contents of the amended complaint. We cannot determine on this record whether Sherbert's motion to amend was untimely, nor did the court make a finding that it was untimely, ineffective, or interposed for delay. Indeed, because the litigation is relatively new, the record contains no deadlines established by the court, and the motion to amend was filed less than three months after the filing of the complaint and before an answer had been filed by the defendants. *See* M.R. Civ. P. 15(a).

[¶ 10] Finally, although a docket entry indicates that the motion to amend was declared "moot," nothing in the record or other docket entries, and no written order or notation on the motion itself, reveals that the motion court disposed of the motion in such a manner. Given that the court would ordinarily act on a motion to amend a complaint before acting on a motion to dismiss, we cannot be confident that the docket declaration actually represents the action of the court. If the motion was, in fact, declared moot because the court intended to dismiss the original complaint with prejudice without acting on the motion to amend, the ruling was in error because the court should have acted on the motion to amend before entertaining the motion to dismiss. *See Jones*, 345 A.2d at 518.

The entry is:

Judgment of dismissal vacated. Remanded to the Superior Court for action on Sherbert's motion to amend.