2008 ME 3

**Jayne E. OAKES**

v.

**Donald W. OAKES.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 27, 2007.

Decided: Jan. 8, 2008.

---

Kenneth P. Altshuler, Esq., Childs, Rundlett, Fifield, Shumway & Altshuler, Portland, ME, for the appellant.

Peter B. Bickerman, Esq., Verrill & Dana, Augusta, ME, for the appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

LEVY, J.

[¶ 1] Jayne E. Oakes appeals from a divorce judgment entered in the District Court (West Bath, *Field, J.*), asserting that the court erred in its division of marital property. We do not reach this issue because the judgment must be vacated and the case remanded to allow the court to act on Jayne's motion for findings of fact and conclusions of law pursuant to M.R. Civ. P. 52.

## I. BACKGROUND

[¶ 2] Jayne filed a complaint for divorce in September 2005, and a final hearing was held in September 2006. After the hearing, the court conducted an unrecorded, in-chambers conference with the parties' attorneys at which the court dictated the terms of its decision and delegated the responsibility for drafting a final divorce judgment to Jayne's attorney. Following this conference, but prior to entry of the final divorce judgment, Jayne filed a motion for findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(a) and, in the alternative, pursuant to Rule 52(b), requesting findings on numerous issues related to the division of marital assets. After the parties were unable to agree on the language of a final divorce judgment, the court drafted its own judgment. On February 28, 2007, the same day the clerk docketed the entry of the divorce judgment that was dated February 27, 2007, the clerk also docketed a separate entry: "MOTION—MOTION FOR FINDINGS OF FACT MOOT ON 02/28/2007."

[¶ 3] Jayne filed a timely notice of appeal. She contends that the court erred in its distribution of the parties' property in two respects. First, she challenges the court's decision to award her only one-fourth of the proceeds from the sale of the parties' marital residence. Second, she contends that the court erred by failing to identify whether a Smith Barney investment account was marital or non-marital property and by awarding her only $5000 of the account's overall value of approximately $103,000. She also contends that the court's judgment is deficient because it failed to make findings that explain the reason or reasons for the court's distribution of the proceeds from the sale of the residence and the Smith Barney investment account, as she had sought in her motion for findings of fact and conclusions of law. For the reasons that follow, we do not reach the merits of these arguments.

## II. DISCUSSION

[¶ 4] As it pertains to court orders, M.R. Civ. P. 79(a) provides that all orders received by the clerk of court "shall be noted chronologically upon the docket and shall be marked with the docket number. These notations shall briefly show the nature of each paper filed or writ issued and

the substance of each order or judgment of the court...."[1] M.R. Civ. P. 77(d) provides, in pertinent part, that "[i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in a manner provided for in Rule 5 upon every party who is not in default for failure to appear, and shall make a note in the docket accordingly."

[¶ 5] In this case, the record does not contain an order stating that Jayne's motion for findings of fact and conclusions of law was "moot" prior to the clerk's docket entry of February 28, 2007. There is similarly no indication in the docket entry itself that the court entered an order regarding the motion. Accordingly, we have no basis to determine whether the docket entry resulted from (1) a written order of the court that is missing from the record, (2) a decision by the clerk to treat the motion as "moot" in view of the docketing of the divorce judgment the same day, or (3) some other reason.

[¶ 6] We addressed a similar situation in *Sherbert v. Remmel*, 2006 ME 116, ¶ 10, 908 A.2d 622, 624, which concerned the significance of a docket entry indicating that a plaintiff's motion to amend a complaint was "moot." The docket entry was made the same day the clerk docketed a court order that granted the defendant's motion to dismiss the original complaint, and there was no other indication in the record whether the characterization in the docket that the motion to amend the complaint was moot represented the action of the court:

> [A]lthough a docket entry indicates that the motion to amend was declared "moot," nothing in the record or other docket entries, and no written order or notation on the motion itself, reveals that the motion court disposed of the motion in such a manner. Given that the court would ordinarily act on a motion to amend a complaint before acting on a motion to dismiss, we cannot be confident that the docket declaration actually represents the action of the court.

*Id.*

[¶ 7] Here, we cannot determine whether the clerk's docket entry indicating that Jayne's motion for findings of fact and conclusions of law was moot represents the action of the court.[2] Accordingly, we vacate the judgment and remand the case so that the court will have the opportunity to act on the motion and, if she deems it necessary, Jayne will have the opportunity to request amended or additional findings pursuant to M.R. Civ. P. 52(b). *See also Roberts v. Roberts*, 2007 ME 109, 928 A.2d 776.

The entry is:

Judgment vacated. Case is remanded for further proceedings consistent with this opinion.

1. The Rule further provides:
   In the alternative the notation of an order or judgment may consist of an incorporation by reference of a designated order, judgment, opinion or other document filed with the clerk by the court, provided that the notation shows that it is made at the specific direction of the court. The notation of an order or judgment shall show the date the notation is made.
   M.R. Civ. P. 79(a).

2. We note that the judgment offers no explanation for the court's decision to award to Jayne only one-quarter of the proceeds from the sale of the marital home, and only $5000 of the investment account valued at $103,000. Findings of fact and conclusions of law on these issues would help to inform the parties of the reasons underlying the division of these assets and facilitate appellate review.