STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-10-254
R Ac- Cum - a.c, co .

MICHAEL R. PASCOE,

Plaintiff,

v.

JOHNSON CONTROLS, INC., et al.,

Defendants

ORDER



Plaintiff Michael Pascoe has filed suit against his former employer, Johnson Controls, Inc., and former coworkers Robert Bramlitt and Keith Marsico. His complaint alleges that Johnson Controls violated the Maine Human Rights Act and that all three defendants defamed him per se and through compelled self-publication. The defendants move to dismiss Counts II (defamation per se) and III (defamation through compelled self-publication) due to Mr. Pascoe's alleged failure to plead defamation with specificity. Mr. Pascoe responds with a motion to amend his complaint.

## BACKGROUND

In 2001, Mr. Pascoe began working as an HVAC technician for York International. (Compl. ¶ 7.) Johnston Controls acquired York International in 2005, and Mr. Pascoe transitioned into Johnson Controls Portland Branch workforce in 2006. (Compl. ¶¶ 8–10.) Mr. Pascoe held the title of Mechanic Journeyman and was assigned to Johnson's "Chiller Team." (Compl. ¶ 10.) He was responsible for service work on large and small tonnage chillers. (Compl.

1

¶ 10.) Mr. Bramlitt was Mr. Pascoe's supervisor, and was based out of Johnson's Manchester, New Hampshire office. (Compl. ¶ 12.)

At some point between 2006 and 2008, Mr. Pascoe requested that Johnson Controls hire another HVAC technician for the Chiller Team because his extensive hours were taking a toll on his blood pressure and tendons. (Compl. ¶ 13.) Johnson responded by hiring Mr. Marsico and a twenty-five year old named Alex Small. (Compl. ¶¶ 14–15.) Mr. Small was assigned to be Mr. Pascoe's apprentice, and Mr. Bramlitt made it known that he wished to have Mr. Small take Mr. Pascoe's job. (Compl. ¶¶ 15–16.) From that time onward, Johnson Controls allegedly gave Mr. Small preferential treatment while simultaneously expressing a desire to remove Mr. Pascoe. (Compl. ¶¶ 17–22.)

"On or about September 24, 2008, Johnson Controls terminated [Mr. Pascoe's] employment . . . [because] he had allegedly falsified timesheet records on a job for Verso paper." (Compl. ¶ 23.) Mr. Pascoe also alleges that before, during, and after his termination the defendants "conveyed the false impression that [he] acted dishonestly and with a lack of integrity in his employment with Johnson Controls." (Compl. ¶ 24.)

Mr. Pascoe filed a charge of discrimination against Johnson Controls with the Maine Human Rights Commission and the Equal Employment Opportunity Commission on March 24, 2009, and received a right-to-sue letter on March 15, 2010. (Compl. ¶¶ 26–27.) He filed this complaint in Superior Court on May 26, 2010, and the defendants filed their motions to dismiss shortly thereafter.[1]

---

[1] Each defendant has filed a separate motion to dismiss. However, each motion is identical, and they will be discussed as one.

# DISCUSSION

When a plaintiff moves to amend the complaint in response to a motion to dismiss, the court rules on the amendment before acting on the dispositive motion. *Sherbert v. Remmel*, 2006 ME 116, ¶ 8, 908 A.2d 622, 624. Leave to amend should "be freely given when justice so requires." M.R. Civ. P. 15(a); *Sherbert*, 2006 ME 116, ¶ 7, 908 A.2d at 624. There is no indication that Mr. Pascoe has been dilatory in bringing this amendment, or that it will unfairly-prejudice the defendants. The plaintiff's motion to amend is therefore granted.

"A motion to dismiss tests the legal sufficiency of the complaint." *Heber v. Lucerne-in-Maine Village Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066 (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)). "Most civil actions must meet the notice pleading requirements of M.R. Civ. P. 8," *Bean v. Cummings*, 2008 ME 18, ¶ 8, 939 A.2d 676, 679, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." M.R. Civ. P. 8(a). The allegations need to give the defendant "fair notice" of the claim and the ground on which it rests, and demonstrate that the claimant has more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Bean*, 2008 ME 18, ¶ 11, 939 A.2d at 680 (finding that Rule 8(a) is "practically identical to the comparable federal rule[]").

Truth is always a defense against charges of slander, and a "defendant is therefore entitled to know precisely what statement is attributed to him . . . ." *Picard v. Brennan*, 307 A.2d 833, 834–35 (Me. 1973). Traditionally, this "required that 'the words must be proved strictly as alleged.'" *Id.* at 835 (quoting *Estes v. Estes*, 75 Me. 478, 481 (1883)). The 1902 case of *Kimball v. Page* relaxed this requirement, so that only the "material words, those essential to the charge

3

made, must be proved as alleged, but that some latitude may be allowed with respect" to the precise phrasing and context. *Picard*, 307 A.2d at 835 (citing *Kimball v. Page*, 96 Me. 487, 489, 52 A. 1010, 1011 (1902)). For example, in *Picard v. Brennan*, the complaint alleged that the defendant "made statements 'in substance as follows:

> (a) That Plaintiff had been guilty of short-weighting customers on several occasions.
>
> (b) That Plaintiff did not leave the employ of Wilson & Co., Inc. voluntarily but rather was fired . . . because he had cheated customers . . . .'"

*Id.* at 833–34. The Law Court identified the material words as *"because he had cheated customers . . . ." Id.* at 835.

The "material words" pleading standard fits comfortably within requirements of notice pleading. A publication is slanderous or defamatory if a "person of ordinary intelligence" would understand it to be so, and its actionability is a question of law when the "language is plain and free from ambiguity . . . ." *Picard*, 307 A.2d at 835 (quoting *Chapman v. Gannett*, 132 Me. 389, 391, 171 A. 397, 398 (1934)) (quotations omitted). The substance and language of the alleged statement is thus material to the defamation claim and must be averred as part of the plaintiff's prima facie case.

The question becomes whether Mr. Pascoe's amended complaint is sufficiently definite to survive the defendants' Rule 12(b)(6) motions to dismiss. Dismissal is appropriate where the complaint fails to set "forth elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Bean*, 2008 ME 18, ¶ 7, 939 A.2d at 679 (quoting *Shaw v. S. Aroostook Cmty. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996)) (quotations omitted). The elements of defamation are:

4

(a) a false and defamatory statement concerning another;
(b) an unprivileged publication to a third party;
(c) fault amounting at least to negligence on the part of the publisher; and
(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991) (adopting Restatement (Second) of Torts § 558 (1977)).

The amended complaint identifies the following defamatory statements:

- ". . . Defendants and agents of Defendant Johnson Controls, falsely informed Christine Spinale and other human resource personnel that Pascoe doctored and/or falsified his time cards for work done at the Verso job." (Amended Compl. ¶ 24(a).)

- ". . . Defendants and agents of Defendants . . . sent an email to Carol Skotnicki and Christine Spinale falsely accusing Pascoe of falsifying hours worked at the Verso job . . . ." (Amended Compl. ¶ 24(b).)

- ". . . Defendants and agents of Defendants . . . falsely informed employees of Johnson Controls . . . that Pascoe was stealing, was a liar, had falsified his time cards, and/or was dishonest in his business dealings with Verso . . . ." (Amended Compl. ¶ 24(c).)

- ". . . Defendants and agents of Defendants . . . falsely informed David Pelletier, an officer of the Plumbers and Pipefitters Union, Local 131, that Pascoe lied in his business dealings, [and] falsified his time cards . . . ." (Amended Compl. ¶ 24(d).)

The material words contained in these statements are that Mr. Pascoe "doctored and/or falsified his time cards for work done at the Verso job," that Mr. Pascoe falsified the "hours worked at the Verso job," that Mr. Pascoe "was stealing," and that he "was a liar." If proven, a reasonable person hearing these words could understand them to impute to the plaintiff dishonest conduct in his profession. "Any charge of dishonesty against an individual, in connection with his business, whereby his character in such business may be injuriously affected, is actionable." *Marston v. Newavom*, 629 A.2d 587, 592 (Me. 1993) (quoting *Orr v.*

5

*Skofield*, 56 Me. 483, 487 (1869)) (quotations omitted). The defendants' motions to dismiss Count II, defamation per se, are denied.

Plaintiff's Count III alleges defamation by compelled self-publication. While the Law Court has not yet recognized this cause of action, the District of Maine has adopted it as a derivative of Maine's law on negligent publication. *Carey v. Mt. Desert Island Hosp.*, 910 F. Supp. 7, 11, 14 (D. Me. 1995). Where an employer-defendant terminated a plaintiff's employment in connection with a defamatory statement, the "employer-defendant may be liable where it is foreseeable that a plaintiff would be compelled to repeat the defamatory statement during attempts to secure new employment." *Id.* at 9. "What constitutes strong compulsion must of necessity be decided by the finder of fact under the circumstances in each case when substantial evidence of such compulsion is introduced." *Id.* at 13 n.7 (quoting *Belcher v. Little*, 315 N.W.2d 734, 738 (Iowa 1982)) (quotations omitted).

The amended complaint alleges that the defendants had reason to believe Mr. Pascoe would be compelled to repeat the defamatory statements, and that he has been injured by way of such compulsion. However, the complaint does not allege that Mr. Pascoe has actually been compelled to publish the statements. If the court were to recognize the tort of defamation through compelled self-publication, an actual self-publication would be an essential element. Count III of the amended complaint therefore fails to state a claim for which relief can be granted.

**The entry is:**

The plaintiff's motion to amend his complaint is granted. The defendants' motions to dismiss Count III are granted, but are otherwise denied.

DATE: _December 2, 2010_

Roland A. Cole
Justice, Superior Court

7

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

Plaintiff

Marc Frenette Esq
PO Box 3200
Auburn ME 04212

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

Defendant

Matthew LaMourie Esq
PO Box 9546
Portland Me 04112