STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss                                     CIVIL ACTION
                                                  DOCKET NO. CV-10-200

GARY MCCUE,

              Plaintiff                           ORDER ON DEFENDANT'S
v.                                                MOTION TO DISMISS AND
                                                  PLAITNIFF'S MOTION TO
ARTHUR J. GREIF,                                  AMEND COMPLAINT
et al.,

              Defendants


Before the court is defendants Arthur J. Grief and Gilbert & Grief, P.A.'s motion

to dismiss and the plaintiff's motion to amend his complaint. For the following reasons,

the motion to dismiss is granted in part[1] and the motion to amend is granted.

BACKGROUND

This case arises out of the defendants' representation of the plaintiff in a personal

injury action, McCue v. Wal-Mart, Penobscot County, CV-06-103. The jury trial resulted

in a verdict for the defendant. The plaintiff in this case alleges, among other things, that

the defendant Arthur J. Greif represented himself as the best personal injury lawyer in

Bangor, but failed to properly investigate the claims, committed tactical errors before

and during trial, failed to consult with the plaintiff, and failed meaningfully to

communicate a pre-trial settlement offer of $250,000.00. According to the plaintiff's

amended complaint, the defendants' conduct was egregious and a represented a willful

and wanton disregard of the consequences of that conduct on the plaintiff. The plaintiff

---

[1] The defendants' motion to dismiss the plaintiff's requests for punitive damages and attorney's fees is moot. In his first amended complaint, the plaintiff does not request punitive damages or attorneys' fees.

1

alleges that his damages, including severe emotional distress, were a foreseeable result of the defendants' conduct.

On November 29, 2010, the plaintiff filed a three-count complaint against the defendants and asserted causes of action for negligence, count I; breach of fiduciary duty, count II; and negligent infliction of emotional distress, count III. In each count, the plaintiff requested exemplary and compensatory damages, costs, interest, attorney's fees and other relief.

On February 1, 2011, the defendants moved to dismiss count III of the plaintiff's complaint and argue that Maine law does not recognize an independent cause of action for negligent infliction of emotional distress arising solely out of an attorney-client relationship. Additionally, the defendants assert that the plaintiff's claims for punitive damages and attorneys' fees are not warranted. On February 28, 2011,[2] the plaintiff filed opposition to the defendants' motion to dismiss and moved to amend his complaint to specify his allegations of emotional distress and to eliminate his claims for punitive or exemplary damages and attorneys' fees.

DISCUSSION

Motion to Amend

When a plaintiff moves to amend the complaint in response to a motion to dismiss, the court should rule on the motion to amend first. Sherbert v. Remmel, 2006 ME 116, ¶ 8, 908 A.2d 622, 624. Leave to amend should "be freely given when justice so requires." M.R. Civ. P. 15(a); Sherbert, 2006 ME 116, ¶ 7, 908 A.2d at 624. There is no indication that the plaintiff has been dilatory in filing this motion to amend, or that the amendment will unfairly prejudice the defendants.

---

[2] The plaintiff's motion to enlarge by eight days the deadline for filing opposition to the motion to dismiss was granted by order dated March 1, 2011.

2

<u>Motion to Dismiss</u>

"A motion to dismiss tests the legal sufficiency of the complaint." <u>Heber v. Lucerne-in-Maine Village Corp.</u>, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066 (quoting <u>McAfee v. Cole</u>, 637 A.2d 463, 465 (Me. 1994)). "When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), 'the material allegations of the complaint must be taken as admitted.'" <u>Moody v. State Liquor & Lottery Comm'n</u>, 2004 ME 20, ¶ 7, 843 A.2d 43, 47 (quoting <u>Livonia v. Town of Rome</u>, 1998 ME 39, ¶ 5, 707 A.2d 83, 85). '"A dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" <u>Moody</u>, 2004 ME 20, ¶ 7, 843 A.2d at 47 (quoting <u>McAfee</u>, 637 A.2d at 465 (quotation omitted)).

The Law Court has allowed recovery for severe emotional distress damages in legal malpractice cases when "the actions involved, in addition to economic loss, egregious actions on the part of the defendant attorney, harm to the plaintiff's reputation, or other personal losses, such as deterioration of the plaintiff's marriage." <u>Garland v. Roy</u>, 2009 ME 86, ¶ 24, 976 A.2d 940, 948 (citations omitted); <u>Burton v. Merrill</u>, 612 A.2d 862, 865 (Me. 1992); <u>Sally v. Childs</u>, 541 A.2d 1297, 1300-01 (Me. 1988).

In his first amended complaint, the plaintiff alleges that the defendants' conduct was "egregious, willful and wanton," and that he suffered severe emotional distress as a result of the defendants' conduct. (First Am. Compl. ¶¶ 51-52, 62-63, 65-67.) His severe emotional and psychological distress included "hospitalization for depression within 24 hours of the verdict; depression; anxiety; further descent into poverty; loss of sleep; loss of appetite; and costs associated with hospitalization, counseling, and medications." (First Am. Compl. ¶¶ 51, 62, 66.) Viewing the facts in a light most favorable to the plaintiff, the plaintiff in his first amended complaint states a claim upon which relief

3

can be granted. The plaintiff will be permitted to pursue emotional distress damages in connection with his malpractice claim.

The court agrees, however, that the plaintiff's negligent infliction of emotional distress claim should be dismissed. See Richards v. Town of Eliot, 2001 ME 132, ¶ 34, 780 A.2d 281, 293; Rippett v. Bemis, 672 A.2d 82, 87-88 (Me. 1996). As the Law Court has explained, when a wrongdoer has committed a tort other than negligent infliction of emotional distress and that separate tort "allows a plaintiff to recover for emotional suffering, the claim for negligent infliction of emotional distress is usually subsumed in any award entered on the separate tort." Curtis v. Porter, 2001 ME 158, ¶ 19, 784 A.2d 18, 26. Further, while independent negligent infliction of emotional distress claims have been permitted in bystander liability actions and when a special relationship exists between the plaintiff and the alleged tortfeasor, those cases do not apply to the circumstances of this case. Id; see also Bolton v. Caine, 584 A.2d 615, 618 (Me. 1990); Gammon v. Osteopathic Hosp. of Me., 534 A.2d 1282, 1285 (Me. 1987); Rowe v. Bennett, 514 A.2d 802, 807 (Me. 1986); Bryan R. v. Watchtower Bible & Tract Soc'y, Inc., 1999 ME 144, ¶¶ 30-31, 738 A.2d 839, 848.[3] The defendants' alleged duty arises out of the

---

[3] In Angelica v. Drummond, 2003 Me. Super. LEXIS 197, *21-28 (Me. Super. Sep. 9, 2003), the Superior Court, on summary judgment, held:

> A claim based upon the commission of a separate tort "is usually subsumed in any award entered on the separate tort" because most tort claims allow recovery of compensatory damages based on psychic injury. Curtis v. Porter, 2001 ME 158, ¶ 20, 784 A.2d at 26 ("Although negligent infliction claims are now routinely added to complaints stating a cause of action in tort, this practice is rarely necessary unless the claim is made by a bystander or against one with a special relationship to the plaintiff."). However, a NIED claim based on a special relationship is not dependent on any other liability claim and may be pleaded as an independent count.

Angelica, 2003 Me. Super. LEXIS 197 at *21-22. Although the Law Court has not specifically addressed the issue, the Superior Court has found that an attorney-client relationship can constitute a special relationship because the relationship involves '"contractual services that carry with them deeply emotional responses in the event of breach."' Id. at *27-28 (quoting Oswald v. LeGrand, 453 N.W.2d 634, 639 (Iowa 1990)). If an attorney and his client enjoy a

attorney-client relationship; damages for emotional suffering may be available in connection with the plaintiff's malpractice claim. His negligent infliction of emotional distress claim is subsumed in that separate tort claim.

The entry is

> The Plaintiff's Motion to Amend Complaint is GRANTED.
>
> The Defendants' Motion to Dismiss is GRANTED as follows: Count III, Negligent Infliction of Emotional Distress, is DISMISSED.

Date: 6 · 8 · 11

Nancy Mills
Justice, Superior Court

---

special relationship, a claim for negligent infliction of emotional distress would not be subsumed in the malpractice claim.

5