STATE OF MAINE  
PISCATAQUIS, ss

SUPERIOR COURT  
CIVIL ACTION  
Docket No. DOVSC-RE-11-22

BANK OF AMERICA, N.A., SUCCESSOR IN  
INTEREST TO BAC HOME LOANS SERVICING, LP,  
F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP,  
          Plaintiff

**DECISION AND ORDER**

v.

RICHARD PERRY PRATT,  
          Defendant

Before the Court is Plaintiff's Motion to Dismiss its complaint and any counterclaims in an action for residential mortgage foreclosure pursuant to M.R. Civ. P. 41(a)(2). The Defendant has appeared and opposed this foreclosure in a variety of pleadings, including his initial Response, Answer with affirmative defenses, a pleading titled "Fraudulent Mortgage," and an Amended Answer.

### *Defendant's Various Pleadings*

Before addressing Plaintiff's dispositive motion, the Court must first address the number of amended pleadings submitted by the Defendant. *Sherbert v. Remmel*, 2006 ME 116, ¶ 8, 908 A.2d 622 ("although denial may be appropriate for late, dilatory, or ineffective filings, a trial court should ordinarily rule on a motion to amend before acting on a motion that could be dispositive of the original complaint").

Received & Filed  
MAR 11 2013  
Piscataquis County  
Clerk's Office

Defendant's first Response was timely and made on the sample response form Plaintiff is required to provide in owner-occupied residential mortgage foreclosures. 14 M.R.S. § 6321-A(2)(B).

Defendant's Amended Answer was filed on February 13, 2012, approximately 3 months after service of Plaintiff's summons and complaint. Although this Answer was untimely and did not have an accompanying motion to amend, it was necessary to provide a more detailed explanation of Plaintiff's answer and affirmative defenses than possible in the sample answer. Defendant is granted leave to amend its answer as provided in his February 13, 2012 pleading.

Defendant's next pleading, "Fraudulent Mortgage," was filed over five months after service of the summons and complaint. This amended pleading was not accompanied by a motion to amend and complied poorly with the Maine Rules of Civil Procedure. In particular, it was not identified as an amended answer, failed to identify that title to real estate was involved, and failed to provide short and concise statements of the Defendant's claims. M.R. Civ. P. 8(a), 10. Defendant is not granted leave to amend his answer as provided in his April 24, 2012 pleading.

Defendant's final pleading, "Amended Answer," is actually a motion seeking an Order for Plaintiff to produce witnesses. As such, the Court does not address this filing.

*Plaintiff's Motion to Dismiss*

Plaintiff's Motion to Dismiss is before the Court pursuant to M.R. Civ. P. 41. Rule 41 provides that an action may be dismissed by order of the court and "upon such terms and conditions as the court deems proper." M.R. Civ. P. 41(a)(2). In this case,

Plaintiff seeks to dismiss a foreclosure action based on a breach of condition in the mortgage starting on February 1, 2011. As a result of that breach, Plaintiff accelerated the amount due on or about July 15, 2011. Since the date of acceleration, the full amount of the mortgage debt has been due and Defendant has likely incurred further late fees, costs, and pre-judgment interest in accordance with the promissory note and mortgage contract.[1] It is proper, therefore, that a dismissal of this action shall bar the Plaintiff or any successors of the Plaintiff from alleging a breach of condition in the mortgage for non-payment under the promissory note at anytime between February 1, 2011 and the date of this Order. In addition, Plaintiff shall not be entitled to claim any fees, costs, or pre-judgment interest incurred as a result of this action in any future foreclosure action it may pursue.

There is no need to address the portion of Plaintiff's Motion to Dismiss concerning "any counterclaims" because the Defendant has failed to allege any counterclaims.

Accordingly, the Court ORDERS:

1. Defendant is GRANTED leave to amend his pleadings to include those amendments from his February 13, 2012 filing.

2. Defendant is DENIED leave to amend his pleadings to include those amendments from his April 24, 2012 filing.

3. Plaintiff's Complaint for foreclosure is DIMISSED without prejudice.

---

[1] The Court is presently unable to determine the exact amount owed from the date of default because Plaintiff's Motion to Dismiss has made filing such information unnecessary.

4. This Order is subject to the following terms and conditions: Plaintiff shall not allege as a breach of condition of its mortgage with Defendant any missed payment having occurred between February 1, 2011 and the date of this Order. Additionally, Plaintiff is not entitled in this action or any future foreclosure action to seek payment of late fees, foreclosure costs, and pre-judgment/contractual interest accrued prior to the date of this Order.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 3/7/13

_____
Justice, Superior Court