STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-17-005

REC'D CUMB CLERKS OF
JUL 10 '17 PM2:36

BRANDON PRESCOTT,

        Plaintiff

v.                                                ORDER ON DEFENDANT'S
                                                  MOTION TO DISMISS
THE WOODFORDS CLUB,

        Defendant

Before the Court is defendant The Woodfords Club's motion to dismiss. For the following reasons, the motion is granted.

I.      Background

According to plaintiff's complaint, plaintiff began working for defendant on a per diem basis in June 2016. (Pl.'s Compl. ¶ 5.) After he began per diem work at the club, plaintiff applied for the position of Club Steward with the defendant. (Id. ¶ 6.) Plaintiff interviewed for the position of Club Steward in July 2016, and again in August 2016. (Id. ¶ 7, 8.) Plaintiff complains that Board President Paul Aronson, Club Secretary Don Bouwen, and Club Vice-President Carol Chipman did not want to hire plaintiff. (Id. ¶ 9.) They wanted to hire Mr. Bouwen's son-in-law, who was not an applicant at the time.

On August 10, 2016, plaintiff interviewed for a custodial department position at IDEXX. (Id. ¶ 10.) Plaintiff asserts that he intended to work both for defendant and IDEXX. (Id.)

1

Plaintiff was offered, and accepted, the Club Steward position by defendant on August 11, 2016 following a 5-4 vote in favor of hiring plaintiff by the Woodford's Club Board. (Id. ¶ 11.) Plaintiff alleges that after he was hired by defendant, Mr. Aronson, Mr. Bouwen and Ms. Chipman called not only plaintiff's references, but human resource departments and individuals at his places of employment. (Id. ¶ 13.) Ms. Chipman contacted University of New England and IDEXX. (Id. ¶ 14.) After Ms. Chipman contacted IDEXX, IDEXX withdrew its interest in plaintiff's job application. (Id. ¶ 15.)

Mr. Aronson, Mr. Bouwen, and Ms. Chipman subsequently attempted to bring a motion to reconsider plaintiff's hiring. (Id. ¶ 16.) The motion was successful and defendant revoked its offer of employment to plaintiff. (Id. ¶ 17.) Plaintiff was notified of defendant's decision on August 19, 2016. (Id. ¶ 18.) Defendant hired Mr. Bouwen's son-in-law for the Club Steward position. (Id. ¶ 20.)

Plaintiff filed a complaint for breach of contract, slander per se, defamation, and interference with advantageous economic relations on January 4, 2017. On January 25, 2017, defendant moved the court to dismiss plaintiff's complaint. Plaintiff opposed defendant's motion on February 15, 2017. Defendant replied to plaintiff's opposition on April 27, 2017 pursuant to an order granting enlargement of time for defendant to respond.

II.     Standard of Review

On review of a motion to dismiss for failure to state a claim, the court accepts the facts alleged in the complaint as true. Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830. The court "examine[s] the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would

2

entitle the plaintiff to relief pursuant to some legal theory." Doe v. Graham, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting Saunders, 2006 ME 94, ¶ 8, 902 A.2d 830). "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" Dragomir v. Spring Harbor Hosp., 2009 ME 51, ¶ 15, 970 A.2d 310 (quoting Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995)).

III.    Discussion

   A. Breach of Contract

Defendant moves to dismiss plaintiff's breach of contract claim and argues plaintiff has failed to plead that any material term of the contract was breached. (Mot. Dismiss 3.) In order to survive a motion to dismiss on a claim for breach of contract, plaintiff must show (1) breach of a material contract term, (2) causation, and (3) damages. Maine Energy Recovery Co. v. United Steel Structures, Inc., 1999 ME 31, ¶ 7, 724 A.2d 1248. Further, in Maine, "[i]t is well settled that a contract of employment for an *in* definite length of time is terminable at will by either party." Terrio v. Millinocket Cmty. Hosp., 379 A.2d 135, 137 (Me. 1977). Unless the contract for employment is for a definite term or contains express language that the employment may only be terminated for cause, the termination of an employment contract is not a breach of a material contract term. Taliento v. Portland West Neighborhood Planning Council, 1997 ME 194, ¶ 9, 705 A.2d 696.

Defendant argues that plaintiff's employment was terminable at will by either party. (Mot. Dismiss 3.) In response, plaintiff relies on additional facts not pleaded in the complaint: ("[i]n addition to employing Plaintiff, Defendant offered to provide housing

3

for Plaintiff. This material term of the contract was also rescinded." (Pl.'s Opp. to Mot. Dismiss 1.) In his opposition, plaintiff requests that the court allow him to file an amended complaint to add this allegation, "[i]f the above facts do not satisfy Plaintiff's claim for breach of contract." (Id.)

Where both a motion to amend and a motion to dismiss are before the court, the court ordinarily addresses the motion to amend. Sherbert v. Remmel, 2006 ME 116, ¶ 10, 908 A.2d 622. Plaintiff has not properly moved to amend his complaint. See M.R. Civ. P. 15(a) (after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party"); see also M.R. Civ. P. 7(b)(1)(A) & (3). Where a motion to amend is properly filed, "leave shall be freely given when justice so requires." M.R. Civ. P. 15(a).

Even if plaintiff had properly moved to amend his complaint in order to allege these additional facts, granting such a motion would not affect the court's analysis or decision as to defendant's motion to dismiss the claim for breach of contract. In the absence of terms specifically stating otherwise, either party to an employment agreement for an indefinite period may terminate the contract at will, even when that employment comes with the benefit of housing. See Taliento, 1997 ME 194, ¶ 9, 705 A.2d 696. Accordingly, justice does not require amendment of the complaint because plaintiff's additional allegation is insufficient to show a material breach of a contract term.

B. Slander Per Se and Defamation

Defendant moves to dismiss plaintiff's claims for defamation and slander per se because (1) any statements made were privileged, and (2) the alleged defamatory statements lack the required specificity. (Mot. Dismiss 4.) In order to make out a claim

4

for defamation, plaintiff must allege facts sufficient to show "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Morgan v. Kooistra, 2008 ME 26, ¶ 26, 941 A.2d 447. The false or defamatory statement must be more than merely an opinion; it must be an explicit or implicit assertion of fact. Lester v. Powers, 596 A.2d 65, 69 (Me. 1991). A defamatory statement constitutes slander per se if the words "on their face without further proof or explanation injure the plaintiff in his business or occupation." Ramirez v. Rogers, 540 A.2d 475, 478 (Me. 1988). The difference between plaintiff's claim for defamation and plaintiff's claim for slander per se is that plaintiff need not prove special damages if the defamatory statement constitutes slander per se. Id.

The truth of the statements is always a defense to a claim for defamation, and in order for the defendant to be able to defend against the claim, "the defendant is therefore entitled to know precisely what statement is attributed to him". Picard v. Brennan, 307 A.2d 833, 835 (Me. 1973). "[M]aterial words, those essential to the charge made, must be proved as alleged," but plaintiff is not required to prove strictly "unimportant, connecting or descriptive words." Id.

In Nadeau v. Hunt, plaintiffs, in their amended complaint, alleged that, "through statements, facial gestures, and other actions . . . defendants allegedly publicized false and reckless views about [plaintiff Nadeau's] integrity, fairness, and competence." Nadeau v. Hunt, No. CV-05-221, 2006 Me. Super. LEXIS 58, at *17 (Mar. 23, 2006). The amended complaint did not provide "sufficient notice of the content and

5

circumstances of an allegedly defamatory statement" to permit the defendants to determine the defenses to be raised." Id. at *16. Plaintiffs sought discovery in order to provide detail on the claim. Id. at *18. The court found that "plaintiffs are not entitled to file a lawsuit alleging unspecified instances of defamation and then undertake discovery in the hope that they can find some evidence to substantiate their apparent suspicion that the defendants must have said something derogatory about [plaintiff Nadeau] to someone." Id. at *19. The court dismissed the amended complaint for failure to state a claim. Id. *32.

"A conditional privilege against liability for defamation arises in settings where society has an interest in promoting free, but not absolutely unfettered, speech." Cole v. Chandler, 2000 ME 104, ¶ 6, 752 A.2d 1189. A showing of conditional privilege rebuts the inference of malice imputed in the absence of privilege. Saunders v. Van Pelt, 497 A.2d 1121, 1125 (Me. 1985). In order to recover in a case in which conditional privilege is found, plaintiff must show that the conditional privilege was abused, and therefore lost. Id.

In the current case, in asserting his claim for slander per se, plaintiff alleges:

26. Mr. Aronson, Mr. Bouwen and Ms. Chipman made statements to other Board members disparaging Plaintiff in his business dealings.

27. The subject statements had a direct tendency to injure Plaintiff in his occupation or profession and in fact did by causing him to lose his job with Defendant Woodford's Club.

28. The slanderous statements were made with knowledge that the accusations were false.

(Pl.'s Compl. ¶¶ 26-28.) In asserting his claim for defamation, plaintiff alleges:

6

30. Mr. Aronson, Mr. Bouwen, and Ms. Chipman falsely accused Plaintiff of making false statements in his interviews.

31. Defendants communicated the false statements to other Board members.

32. Defendants were negligent in making the statement based on information available to them and/or the Defendants knew the statements were false or made the statements with reckless disregard as to whether it was false.

33. The defamatory statements to [sic] caused Plaintiff to lose his employment with Defendant.

(Id. ¶¶ 30-33.)

Plaintiff has not alleged "material words … essential to the charge". Picard, 307 A.2d at 835. As in Nadeau, plaintiff in this matter has failed to allege specific defamatory statements. Plaintiff has pleaded only the general statement that defendant "falsely accused Plaintiff of making false statements in his interviews." (Pl.'s Compl. ¶ 30.) Absent allegations of the "material words" of the defamatory statement, defendant is not in a position to defend against the statement. See Picard, 307 A.2d at 835. Additionally, the court is not able to take determine whether a conditional privilege may exist and whether it was abused.

As with his breach of contract claim, plaintiff requests that the court allow him to file an amended complaint to allege additional facts if the originally alleged facts are insufficient to satisfy plaintiff's claims for slander per se and defamation. (Pl.'s Opp. to Mot. Dismiss 3.) Plaintiff's proposed additional facts include the following:

1. The statements made by Chipman to Idexx were not privileged and were not made in good faith.

2. Chipman's statements to Idexx were made with ill-will toward Plaintiff.

7

3. The statements made by Chipman to the board members were not privileged and were not made in good faith.

4. Chipman's statements to the board were made with ill-will toward plaintiff.

(Id.)

Plaintiff has not properly moved to amend his complaint. See M.R. Civ. P. 15(a); see also M.R. Civ. P. 7(b)(1)(A) & (3). Even if plaintiff had properly moved to amend his complaint in order to allege these additional facts, granting such a motion would not affect the court's analysis or decision as to defendant's motion to dismiss plaintiff's claims for slander per se and defamation because plaintiff has failed to allege specific defamatory statements on the part of defendant. See Picard, 307 A.2d at 835.

Plaintiff's suggests further that "[m]ore detail regarding the defamatory statement can only be uncovered during the discovery process which is why the pleading stage only requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.' M.R. Civ. P. 8(a)(1)." (Pl.'s Opp. to Mot. Dismiss 4.) As discussed in Nadeau, plaintiff is not entitled to file a complaint with unspecified allegations of defamation and rely on discovery to identify specific statements. See Nadeau, No. CV-05-221, 2006 Me. Super. LEXIS 58, at *19.

C. Interference with Advantageous Economic Relations

Defendant moves to dismiss plaintiff's claim for interference with advantageous economic relations and argues plaintiff has not alleged a valid contract or prospective economic advantage and has not alleged with particularity that defendant made a false statement to a third party. (Mot. Dismiss 8-9.) In order to survive a motion to dismiss on a claim for interference with advantageous economic relations, a plaintiff must allege

8

facts sufficient to show "the existence of a valid contract or prospective economic advantage, interference with that contract or advantage through fraud or intimidation, and damages proximately caused by the interference." Petit v. Key Bank, 688 A.2d 427, 430 (Me. 1996). The elements of interference by fraud include: (1) making a false representation (2) of material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff." Id. Circumstances constituting fraud must be stated with "particularity." M.R. Civ. P. 9(b). Intimidation occurs where the person "(1) communicates a statement or threat to a third person . . . ; (2) that suggests adverse physical, economic, or emotional consequences to the third person; (3) for the purpose of inducing the third person to act or fail to act regarding the plaintiff . . . ; and (4) the third person acts based on the statement or threat, damaging the plaintiff." Harlor v. Amica Mut. Ins. Co., 2016 ME 161, ¶ 35, 150 A.3d 793 (Alexander, J., concurring).

In his complaint, plaintiff alleges:

> 35. An economic relationship existed between Plaintiff and IDEXX, containing a probable future economic benefit or advantage to Plaintiff.
>
> 36. Defendants knew of the existence of the relationship.
>
> 37. Defendants intentionally engaged in acts or conduct designed to interfere with or disrupt this relationship.
>
> 38. The economic relationship was actually interfered with or disrupted.
>
> 39. The acts of the Defendants, which were designed to interfere with and disrupt this relationship, caused damages to Plaintiff.

(Pl.'s Compl. ¶¶ 35-39.)

9

Plaintiff has not pleaded sufficient facts to sustain a prima facie case for the elements of interference by fraud or intimidation. Plaintiff does not allege that defendant made a statement or threat that suggested adverse consequences to a third party. Additionally, plaintiff has not pleaded fraud with particularity or that defendant made a false statement to IDEXX.

As with his other claims, plaintiff requests that the court allow him to file an amended complaint to allege additional facts if the originally pleaded facts are insufficient to state a claim for interference with advantageous economic relations. ((Pl.'s Opp. to Mot. Dismiss 4-5.) Plaintiff's proposed additional facts include the following:

1. Plaintiff would have been offered the job at Idexx, but for the interference by Chapman (sic).

2. Chapman (sic) made false statements to Idexx.

3. Chapman (sic) was negligent in making the statement based in the information available to him and/or the Defendants knew the statements were false or made the statements with reckless disregard as the whether it was false.

((Pl.'s Opp. to Mot. Dismiss 5.)

Plaintiff has not properly moved to amend his complaint. See M.R. Civ. P. 15(a); see also M.R. Civ. P. 7(b)(1)(A) & (3). Even if plaintiff had properly moved to amend his complaint in order to allege these additional facts, granting such a motion would not affect the court's analysis or decision as to defendant's motion to dismiss plaintiff's claims for interference with advantageous economic relations because plaintiff's proposed additional facts are insufficient to sustain a prima facie case for the elements of interference by fraud or intimidation. See Petit, 688 A.2d at 430; see also Halor, 2016 ME 161, ¶ 35, 150 A.3d 793 (Alexander, J., concurring).

10

The entry is

>Defendant The Woodfords Club's Motion to Dismiss Plaintiff Brandon Prescott's Complaint is GRANTED. Judgment is entered in favor of Defendant The Woodfords Club and against Plaintiff Brandon Prescott on Counts I, II, III, and IV of Plaintiff's Complaint.

Date: July 10, 2017

Nancy Mills
Justice, Superior Court

11

GUY LORANGER ESQ
DANIELLE CAMPBELL ESQ
ONE GRANNY SMITH COURT
SUITE 3
OLD ORCHARD BEACH ME 04064

MATTHEW TARASEVICH ESQ
BERNSTEIN SHUR
PO BOX 9729
PORTLAND ME 04104-5029

