MLR/5C# 278-17

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-199

NANA KANJINGA,

Plaintiff

STATE OF MAINE
Cumberland ss Clerk's Office

JUL 19 2017
9:57 a.m.
RECEIVED

v.

FRANK GALOS
CHEVROLET-CADILLAC,

Defendant

ORDER ON DEFENDANT'S
MOTION TO DISMISS COUNT II
OF PLAINTIFF'S COMPLAINT

Before the court is defendant's motion to dismiss count II of plaintiff's complaint. For the following reasons, the motion is granted.

I.    Background

According to plaintiff's complaint filed May 15, 2017, defendant mailed a flyer to plaintiff at her home in Westbrook, Maine. (Pl.'s Compl. ¶ 4.) In the flyer, defendant advised plaintiff she had won a prize and instructed her to call defendant for information. (Id. ¶ 5.) Plaintiff called defendant and was advised again she had won a prize and was required to report to defendant's car dealership to collect the prize. (Id. ¶¶ 3, 6.) Plaintiff agreed and arrived at defendant's dealership on March 17, 2017. (Id. ¶ 8.) After six hours of alleged high-pressure sales tactics, plaintiff signed paperwork that transferred to defendant her interest in her car and agreed to assume a loan to buy a new car from defendant. (Id. ¶¶ 9-23.) Plaintiff returned to defendant's dealership on March 18 and tried unsuccessfully to rescind the contract. (Id. ¶¶ 27-28.)

In her complaint, plaintiff alleges unfair trade practice, count I, and home solicitation violation, count II. Defendant filed a motion to dismiss count II on May 25, 2017. Plaintiff responded on June 14, 2017. Defendant replied on June 19, 2017.

1

II.    Standard of Review

On review of a motion to dismiss for failure to state a claim, the court accepts the facts alleged in the complaint as true. Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830. The court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Doe v. Graham, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting Saunders, 2006 ME 94, ¶ 8, 902 A.2d 830). "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" Dragomir v. Spring Harbor Hosp., 2009 ME 51, ¶ 15, 970 A.2d 310 (quoting Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995)).

III.    Discussion

Section 3-501 provides, in part:

> 'Home Solicitation Sale' means a consumer credit sale of goods, other than farm equipment, or services in which the seller or a person acting for him engages in a personal solicitation of the sale at a residence of the buyer and the buyer's agreement or offer to purchase is there given to the seller or a person acting for him.

9-A M.R.S. § 3-501 (2017). Defendant argues that count II must be dismissed because plaintiff does not allege any representative of defendant visited plaintiff's home or that plaintiff's agreement to purchase the new car occurred at her residence.

Plaintiff responds that defendant's sending the flyer to plaintiff's home and the resulting telephone call between the parties was a home solicitation. Plaintiff argues further that the purchase of the new car was "merely an extension of the very same

2

agreement which the defendant had solicited and become bound-to at [plaintiff's] home."
(Pl.'s Opp. 6.)

Plaintiff relies on additional facts not pleaded in the complaint. In her opposition, plaintiff requests that "if the Court determines that Plaintiff has not adequately plead a cause of action under § 3-501 et seq., Plaintiff respectfully moves the Court to allow Plaintiff an opportunity to amend the complaint in accordance with the facts set forth in this Motion." (Id.)

When both a motion to amend and a motion to dismiss are before the court, the court ordinarily addresses the motion to amend first. Sherbert v. Remmel, 2006 ME 116, ¶ 10, 908 A.2d 622. Plaintiff has not properly moved to amend her complaint. See M.R. Civ. P. 15(a) (after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party"); see also M.R. Civ. P. 7(b)(1)(A) & (b)(3). When a motion to amend is properly filed, "leave shall be freely given when justice so requires." M.R. Civ. P. 15(a).

Even if plaintiff had properly moved to amend her complaint in order to allege these additional facts, granting such a motion would not affect the court's analysis or decision as to defendant's motion to dismiss the claim for violation of the home solicitation sales statute. Plaintiff's agreement to purchase the new car occurred at defendant's dealership and not at her residence.

The case on which plaintiff relies can be distinguished. See Warren v. Borger, 539 N.E.2d 1284 (Ill. App. 1989). In Warren, plaintiffs sent direct mail solicitations to defendants, notifying them they had won a prize, which they would receive upon visiting plaintiffs' resort. Warren, 539 N.E.2d at 1286. Defendants visited, entered a contract to

3

purchase a membership in the resort, and defaulted on their payment obligations. Id. Defendants had unsuccessfully attempted to rescind the sale. Id. The court found the solicitations to be in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Id. at 1291.

The Illinois statute involved in Warren did not include the requirement that plaintiff's agreement or offer to purchase occur at plaintiff's residence. Id. at 1287; see also 9-A M.R.S. § 3-501. The Illinois statute provided, in part:

> Where merchandise having a cash sales price of $ 25 or more is sold or contracted to be sold . . . to a consumer as a result of or in connection with a salesman's direct contact with or call on the consumer at his residence without the consumer's soliciting the contact or call, that consumer may avoid the contract or sale by notifying the seller within 3 full business days . . . . At the time the sale is made or the contract signed, the salesman shall furnish the buyer with a written receipt or contract containing a 'Notice of Cancellation' informing the buyer that he may cancel the sale at any time within 3 such days . . . . The 3 day period provided for in this section does not commence until the Notice of Cancellation . . . .

Ill. Rev. Stat. 1979, ch. 121 ½, par 262B. Even assuming defendant's flyer in this case was a "personal solicitation" from defendant to plaintiff, which was received at her residence, the agreement to buy the new car did not occur at her residence.

The entry is

> Defendant Frank Galos Chevrolet-Cadillac's Motion to Dismiss Count II of Plaintiff Nana Kanjinga's Complaint is GRANTED. Judgment is entered in favor of Defendant Frank Galos Chevrolet-Cadillac and against Plaintiff Nana Kanjinga on Count II of Plaintiff's Complaint.

Date: July 18, 2017

Nancy Mills
Justice, Superior Court

4