MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 44
Docket:        Cum-15-192
Submitted
 On Briefs:    November 19, 2015
Decided:       March 29, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, and HJELM, JJ.


R. BRUCE MONTGOMERY et al.

v.

EATON PEABODY, LLP et al.


MEAD, J.

[¶1]    R. Bruce Montgomery and Wanda Haddock (collectively, Montgomery) appeal from a judgment of the Superior Court (1) granting Judy A.S. Metcalf and William V. Ferdinand Jr.'s (collectively, the Eaton Peabody attorneys) motion to dismiss multiple counts of Montgomery's complaint for legal malpractice, and (2) denying Montgomery's motion for leave to file a third amended complaint.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  In 1960, Montgomery's parents purchased seven shorefront lots of land in Georgetown, numbered thirty-seven through forty-three on a 1935 subdivision plan recorded in the Sagadahoc County Registry of Deeds.  In 1974, Georgetown adopted a Shoreland Zoning Ordinance (SZO), which applied to properties located

within 250 feet of the normal high water line, including the Montgomery lots. The SZO created requirements that all buildings in the zone be set back a certain distance from the normal high water line, and that lots created in the zone have an area of at least 20,000 square feet. However, properties that predated the effective date of the ordinance were considered "grandfathered" or "nonconforming lots of record" and accordingly were exempt from the requirements of the SZO.

[¶3] When the SZO was adopted in 1974, a single-family residence spanned lots thirty-seven, thirty-eight, and thirty-nine, and a studio was located on the remaining lots. The lots were under the common ownership of Montgomery's parents from 1960 until 1975, when Montgomery's parents executed the first of a series of conveyances between themselves individually and later to Montgomery and his siblings. The 1975 conveyance partitioned lots thirty-seven and thirty-eight from the others, resulting in a property that was less than 20,000 square feet. In 1999, lots thirty-seven and thirty-eight were conveyed to Montgomery.

[¶4] In 2004, the Georgetown Planning Board granted Montgomery one building permit for two distinct projects on the property: the expansion of the principal structure and the addition of a garage as a new accessory structure. While construction of the garage was underway, the Georgetown code enforcement officer determined that the structure was not being built according to the

specifications in the permit and that it violated the SZO's setback requirement. A stop-work order was then issued to cease construction of the garage.

[¶5] On August 17, 2005, the Georgetown Planning Board held a hearing (at which Montgomery was not present) and revoked Montgomery's building permit. Montgomery, represented by the Eaton Peabody attorneys, appealed the revocation of the permit to the Georgetown Board of Appeals on the grounds that he received inadequate notice of the hearing, and that, in any case, the property was grandfathered and therefore was not subject to the SZO's setback provision. On October 31, 2005, the Georgetown Board of Appeals found, in "findings of fact #8," that "[t]he lot at issue was created in 1999, is less than two acres in area, and is non-conforming under the [SZO], and is not a 'non-conforming [l]ot of [r]ecord.'" Notwithstanding its findings, the Board of Appeals ultimately remanded the case to the Planning Board for reconsideration because it agreed that Montgomery did not receive adequate notice of the hearing at which the permit was revoked. The Eaton Peabody attorneys did not appeal any of the Board of Appeals' findings of fact.

[¶6] On November 16, 2005, at the proceeding before the Planning Board on remand, the Eaton Peabody attorneys told the Board that Montgomery did not object to the revocation of the part of the permit that provided for the expansion of the principal structure. However, Montgomery contested the revocation of the part

of the permit dealing with the construction of the garage. The Planning Board revoked only the part of the permit authorizing the expansion of the principal structure, but left in place the stop-work order on the construction of the garage.

[¶7] On September 19, 2008, Montgomery, no longer represented by the Eaton Peabody attorneys, filed an application for a building permit and appeared pro se before the Planning Board. The Board denied the application because the lot 1) was not grandfathered, and 2) did not satisfy the minimum square-foot requirement set forth by the SZO. After the adverse decision, Montgomery hired attorney Clifford H. Goodall to undertake what the Superior Court (Cumberland County, *Wheeler, J.*) later characterized as "damage control." In January 2010, Montgomery, through Goodall, applied for a permit to connect the noncompliant, accessory structure to the principal structure, but the Planning Board denied the application because the property was not grandfathered. Montgomery appealed the Planning Board's decision and the Board of Appeals affirmed.

[¶8] On October 27, 2011, Montgomery filed a complaint against the Eaton Peabody attorneys asserting, among other things, legal malpractice based on their failure to appeal the Board of Appeals' findings of fact made on October 31, 2005. The Eaton Peabody attorneys filed a motion to dismiss five of the six counts of the complaint, *see* M.R. Civ. P. 12(b)(6), and on

January 29, 2013, the court (*Mills, J.*) granted the motion. On August 29, 2013, Montgomery filed, and the court later granted, a motion for leave to file what he described as a second amended complaint. In count seven of the second amended complaint, Montgomery, for the first time, raised legal malpractice claims against Goodall, alleging that he was negligent in admitting to the Board of Appeals that the Montgomery lots were not grandfathered.[1]

[¶9] On September 23, 2014, Goodall filed a motion for summary judgment. *See* M.R. Civ. P. 56. On December 31, 2014, more than three years after the commencement of the suit, Montgomery filed a motion for leave to file a third amended complaint, together with the opposition to Goodall's motion for summary judgment. The proposed third amended complaint sought to "add additional counts that allege . . . Goodall was negligent for failing to advise [Montgomery] that [his] lot was never a grandfathered lot under the 1974 [SZO] and negligent for failing to advise [him] to accept a settlement offer . . . ." On March 25, 2015, the court (*Wheeler, J.*) denied Montgomery's motion to amend the pleadings and granted Goodall's motion for summary judgment, finding that

---

[1] On December 26, 2013, the court dismissed the last remaining count of the original complaint pursuant to a settlement agreement between Montgomery and the Eaton Peabody attorneys.

6

Montgomery's property lost its grandfathered status in 1975 after the conveyance resulted in a lot that was less than 20,000 square feet. Montgomery appealed.[2]

## II. DISCUSSION

A.    Motion to Dismiss

[¶10]  "We review the legal sufficiency of the complaint de novo and view the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254 (quotation marks omitted); *see also Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710.

[¶11]   The court (*Mills, J.*) dismissed counts one through five of Montgomery's complaint. These five counts, as the court described, alleged that the Eaton Peabody attorneys

> were negligent because they failed to appeal the "findings of fact" #8, failed to argue before the Board of Appeals . . . that [the] lot was not a nonconforming lot of record, failed to advise [Montgomery and Haddock] of their right to appeal finding #8, failed to ask the Planning Board at the [November 16, 2005,] hearing to find that the lot was a non-conforming lot of record, and failed to be familiar with, and advise [Montgomery and Haddock] about, the [SZO] and failed to fully evaluate the implications of finding #8.

---

[2]  Montgomery does not challenge the court's decision to grant the motion for summary judgment.

[¶12] We agree with much of the rationale set forth by the court in its order granting the Eaton Peabody attorneys' motion to dismiss. The court concluded that the Board of Appeals' findings of fact in 2005 were not a final judgment—and therefore not appealable—because the case was remanded to the Planning Board for reconsideration due to the inadequate notice of the hearing. The Board of Appeals' findings were ultimately immaterial because at the hearing on remand Montgomery did not object to the partial revocation of the permit and at later proceedings Montgomery conceded that the lot was indeed not grandfathered. Beyond this, in its order on Goodall's motion for summary judgment—a decision that Montgomery did not appeal and is therefore final—the court found that the 1975 partition of lots thirty-seven and thirty-eight from the other lots resulted in a property that was less than 20,000 square feet, thereby terminating any grandfathered status from that point forward. Because the lot was not grandfathered at the time of the initial application for a building permit in 2004, as the court found, "there [was] nothing that Attorney Goodall or any other attorney could have done to obtain a different result" in this matter. The court, therefore, properly granted the Eaton Peabody attorneys' motion to dismiss.

B.     Motion to File Third Amended Complaint

[¶13] In reviewing the denial of a motion to amend pleadings, we determine whether the party has "demonstrate[d] (1) that the court clearly and manifestly

abused its discretion and (2) that the amendment [was] necessary to prevent injustice." *America v. Sunspray Condo. Ass'n*, 2013 ME 19, ¶ 7, 61 A.3d 1249 (quotation marks omitted) (second alteration in original). A motion to amend may be denied based on one or more of the following grounds: undue delay, bad faith, undue prejudice, or futility of amendment. *Bangor Motor Co. v. Chapman*, 452 A.2d 389, 392 (Me. 1982). When "a proposed amended complaint would be subject to a motion to dismiss, the court is well within its discretion in denying leave to amend." *Glynn v. City of S. Portland*, 640 A.2d 1065, 1067 (Me. 1994).

[¶14] The court (*Wheeler, J.*) denied the motion to amend because of Montgomery's undue delay and the potentially prejudicial impact on the litigation. The court noted that Montgomery sought a third amended complaint "over three years after the original complaint was filed and over a year after the second amended complaint was filed." In addition, the amendments that Montgomery proposed contradicted the theories of legal malpractice previously set forth and would have "completely change[d] the nature of the malpractice case."

[¶15] In the proposed third amended complaint, Montgomery sought to raise additional claims against Goodall, contending that he was negligent in failing to advise Montgomery that his property was, in fact, *not* grandfathered. This new allegation reflected Montgomery's apparent understanding that the lot was never grandfathered following the 1975 conveyance, and therefore was not a

nonconforming lot of record during all relevant times here. However, Montgomery could have raised the proposed allegations much earlier in the litigation because the 1974 SZO, by its plain terms, outlines the minimum lot-size requirement. Thus, the Superior Court acted within the bounds of its discretion in denying the motion to file a third amended complaint made three years after the commencement of the suit. *See Efstathiou v. Aspinquid, Inc.*, 2008 ME 145, ¶ 22, 956 A.2d 110 (affirming denial of motion to amend counterclaim made five months after amended complaint and one year after commencement of suit); *Drinkwater v. Patten Realty Corp.*, 563 A.2d 772, 778 (Me. 1989) (affirming denial of motion to amend complaint first made three years after commencement of suit and five days before trial); *see also Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶ 22 n.5, 19 A.3d 823 (observing that trial court would have been unlikely to grant motion to amend complaint made two years after commencement of suit).

The entry is:

Judgment affirmed.

**On the briefs:**

Jed Davis, Esq., Jim Mitchell and Jed Davis, P.A., Augusta, for appellants R. Bruce Montgomery and Wanda Haddock

Eben M. Albert, Esq., and Daniel J. Mitchell, Esq., Bernstein Shur, Portland, for appellees Eaton Peabody, LLP and William V. Ferdinand Jr.

Wendell G. Large, Esq., and Heidi J. Hart, Esq., Richardson, Whitman, Large & Badger, for appellee Clifford H. Goodall

Cumberland County Superior Court docket number CV-2011-472
FOR CLERK REFERENCE ONLY