MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 173
Docket:        Wal-15-529
Submitted
  On Briefs:   September 29, 2016
Decided:       December 1, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, <u>MEAD</u>, GORMAN, JABAR, and HUMPHREY, JJ.

ADAM P. PAUL et al.

v.

TOWN OF LIBERTY

MEAD, J.

[¶1]  Adam P. Paul, Debra M. Paul, and George E. Paul (the Pauls) appeal from a judgment of the Superior Court (Waldo County, *R. Murray, J.*) denying their motion for leave to amend their complaint and granting the Town of Liberty's motion to dismiss.  The Pauls contend that the court erred by not permitting them to amend Count I of their complaint to assert a declaratory judgment claim rather than seek review of governmental action pursuant to M.R. Civ. P. 80B.  They also contend that the court erred by determining that they are not entitled to damages, which they sought pursuant to 23 M.R.S. § 3029 (2015) in Count II of the complaint based on a determination by the Town of Liberty Select Board that a road abutting their property had been

2

abandoned pursuant to 23 M.R.S. § 3028 (2015).[1] We vacate the court's denial of the motion for leave to amend and remand for the court to readdress it in accordance with the principles set forth herein; we affirm the dismissal of Counts I and II of the complaint.

## I. BACKGROUND

[¶2] Because our review involves the trial court's dismissal of a claim pursuant to M.R. Civ. P. 12(b)(6), "we view the facts alleged in the complaint as if they were admitted." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 2, 54 A.3d 710. The Pauls own parcels of real estate in Liberty that are accessed by a public road called Bolin Hill Road. The Town has failed to repair or maintain the road to keep it safe for motor vehicle travel. In August 2014, Debra Paul requested in writing that the Town repair the road, and she and George Paul subsequently petitioned the Waldo County Commissioners to order the Town to repair the road. They voluntarily withdrew their petition in November 2014 based on the Town's stated intention to determine whether Bolin Hill Road had been abandoned or discontinued and its belief that the County Commissioners did not have jurisdiction to address that issue. On

---

[1] Title 23 M.R.S. § 3028 (2015) has since been amended, though not in any way that affects the present case. *See* P.L. 2015, ch. 464, § 7 (effective July 29, 2016) (to be codified at 23 M.R.S. § 3028(5)).

December 29, 2014, the Town held a public meeting where the Town Select Board voted, without later issuing a written order, that the "upper portion" of Bolin Hill Road had been abandoned pursuant to 23 M.R.S. § 3028(2), and that a public easement was retained over the abandoned portion. The Pauls assert that the abandonment determination conflicts with evidence indicating the Town's intent to use Bolin Hill Road as a public way, and that the Town's failure to maintain the road has resulted in a reduction of the fair market value of their property.

[¶3] On February 27, 2015, the Pauls filed a two-count complaint in the Superior Court. Count I sought relief pursuant to M.R. Civ. P. 80B, challenging the Town's determination that the road has been abandoned, and Count II sought an award of damages pursuant to 23 M.R.S. § 3029. The Town moved to dismiss the complaint on March 18, 2015, asserting that the Rule 80B complaint was not timely filed and the Pauls could not recover damages.

[¶4] On April 8, 2015, two other property owners filed a motion to intervene, which the court granted on June 4, 2015. The complaint was amended accordingly, and the Town resubmitted an answer and again moved to dismiss on June 11, 2015. The Pauls moved for leave to amend their complaint a second time on July 2, 2015. The second amended complaint

4

sought to change Count I from a Rule 80B action to an action for a declaratory judgment as to the parties' rights and obligations with regard to the road.

[¶5] On September 28, 2015, the Superior Court granted the Town's motion to dismiss pursuant to M.R. Civ. P. 12(b)(1) and 12(b)(6), finding that the Pauls' Rule 80B complaint was untimely and determining that they could not recover damages pursuant to 23 M.R.S. § 3029. In the same order, the court denied the Pauls' motion for leave to amend after concluding that a Rule 80B action—not a declaratory judgment action—was the proper means to challenge the Town's decision, and that they could not use a declaratory judgment action to circumvent the time limits of Rule 80B. The Pauls timely appealed.[2]

## II. DISCUSSION

[¶6] We turn our attention first to the sequence in which the court denied the Pauls' motion to amend and granted the Town's motion to dismiss. The sequence is significant because a full and final dismissal of all counts of a complaint arguably leaves nothing remaining to amend.

[¶7] Ordinarily, a trial court should rule on a motion for leave to amend before acting on another motion, such as a motion to dismiss, that could be

---

[2] The two plaintiffs added pursuant to the motion to intervene dismissed their appeals to the Law Court in January 2016.

dispositive of the original complaint. *Sherbert v. Remmel*, 2006 ME 116, ¶ 8, 908 A.2d 622; *see also Jones v. Suhre*, 345 A.2d 515, 517-18 (Me. 1975). In this case, both the Pauls' motion for leave to amend and the Town's motion to dismiss were pending and in order for action by the court at the time of the September 2015 order. The order discusses the motion to dismiss before addressing the motion for leave to amend, thus suggesting that the motion to dismiss was granted prior to the consideration and denial of the motion to amend. However, the order provides a separate analysis for each motion and notes the effect of the denial for leave to amend on the motion to dismiss.[3] Accordingly, the sequence in which the court addressed the parties' motions is of no significance and we discern no error in the court's order. *Cf. Sherbert*, 2006 ME 116, ¶¶ 9-10, 908 A.2d 622 (holding that when it was unclear whether the court had acted on a pending motion for leave to amend before acting on a motion to dismiss, the ruling on the motion to dismiss was in error).

[¶8] We turn to a discussion of the court's rulings on the motions.

A. Motion for Leave to Amend

[¶9] We review the denial of a motion for leave to amend for an abuse of

---

[3] The court explained that "[b]ecause [it] denies Plaintiffs' Motion for Leave to Amend, the [c]ourt has not considered Plaintiffs' proposed Second Amended Complaint in its evaluation of Defendant's Motion to Dismiss."

6

discretion. *America v. Sunspray Condo. Ass'n*, 2013 ME 19, ¶ 7, 61 A.3d 1249. Once a responsive pleading is served, a party may amend the pleading "by leave of court," which "shall be freely given when justice so requires." M.R. Civ. P. 15(a). On appeal, a party who was denied leave to amend "must demonstrate (1) that the court clearly and manifestly abused its discretion and (2) that the amendment was necessary to prevent injustice." *Sunspray Condo. Ass'n*, 2013 ME 19, ¶ 7, 61 A.3d 1249 (alteration and quotation marks omitted). "[U]ndue delay, bad faith, undue prejudice, or futility of amendment" are grounds for denying a motion to amend. *Montgomery v. Eaton Peabody, LLP*, 2016 ME 44, ¶ 13, 135 A.3d 106.

[¶10] The court predicated its denial of the Pauls' motion for leave to amend their complaint upon its conclusion that the Pauls could not maintain a declaratory judgment action because 23 M.R.S. § 3029 prescribes a Rule 80B action as the exclusive means to challenge a municipal board's decision. Section 3029 provides that "[a]ny person aggrieved by the action or nonaction of municipal officers . . . in proceedings under [chapter 304], other than a determination of damages, may appeal to the Superior Court . . . pursuant to Rule 80B of the Rules of Civil Procedure." 23 M.R.S. § 3029.

[¶11] In contrast, the specific statute in chapter 304 governing road

abandonment provides, in relevant part:

> It is prima facie evidence that a town or county way not kept passable for the use of motor vehicles at the expense of the municipality or county for a period of 30 or more consecutive years has been discontinued by abandonment. . . . Any person affected by a presumption of abandonment . . . *may seek declaratory relief* to finally resolve the status of such ways.

23 M.R.S. § 3028(1) (emphasis added).  The statute further provides that "[t]he determination of the municipal officers regarding the status of a town way . . . is binding on all persons until a final determination of that status has been made by a court."  23 M.R.S. § 3028(2).

[¶12]  The plain language of section 3028 provides that any person may seek declaratory relief to finally resolve the question of whether a road has been abandoned.  Despite the broad sweep of the section 3029 reference to the availability of Rule 80B review in chapter 304 actions, we confirm that section 3028 specifically and expressly authorizes parties to challenge a road abandonment determination by seeking declaratory relief, independent from any relief that may also be available pursuant to Rule 80B.[4]  *See Bd. of Selectmen*

---

[4]  We recognize the principle of exclusivity, which provides that

> when a legislative body has made provision, by the terms of a statute or ordinance, for a direct means by which the decision of an administrative body can be reviewed in a manner to afford adequate remedy, such direct avenue is intended to be exclusive.  Resort to the courts by alternative routes will not be tolerated, subject only to an exception for those circumstances in which the course of "direct appeal" review

*v. Kennebec Cty. Comm'rs*, 393 A.2d 526, 528 (Me. 1978) ("The statutory framework in which section 3028 is set indicates that the legislature intended the action for a declaratory judgment to be the exclusive method for determining finally any dispute as to whether a town or county way has been discontinued by abandonment.").

[¶13] Abandonment is distinct from other methods by which a town may disclaim property, such as discontinuance, where a municipality affirmatively elects to "discontinue" a town way. *See* P.L. 2015, ch. 464, § 5 (effective July 29, 2016) (to be codified at 23 M.R.S. § 3026-A) (providing that the municipal legislative body votes to approve or disapprove an order of discontinuance filed by municipal officers).[5] Discontinuance is well suited for judicial review pursuant to the language of section 3029 and Rule 80B. *See*

---

by a court is inadequate and court action restricting a party to it will cause that party irreparable injury.

*Colby v. York Cty. Comm'rs*, 442 A.2d 544, 547 (Me. 1982) (quoting *Fisher v. Dame*, 433 A.2d 366, 372 (Me. 1981)). We have also stated that "when direct review is available pursuant to Rule 80B, it provides the exclusive process for judicial review unless it is inadequate." *Gorham v. Androscoggin Cty.*, 2011 ME 63, ¶ 22, 21 A.3d 115.

The exclusivity principle does not bar an action for declaratory relief pursuant to section 3028 because the declaratory relief action is not necessarily a mechanism for judicial review of a municipal action or nonaction regarding road abandonment. Rather, the declaratory relief prescribed by section 3028 seeks a final resolution as to the status of a road, and such an action may be pursued absent a municipality first acting on a presumption of abandonment.

[5] Title 23 M.R.S. § 3026 (2015) was effective during the events of this case and has since been repealed and replaced by P.L. 2015, ch. 464, §§ 4, 5 (effective July 29, 2016) (to be codified at 23 M.R.S. § 3026-A).

M.R. Civ. P. 80B(a) ("When review by the Superior Court . . . *of any action* or failure or refusal to act by a governmental agency . . . is provided by statute or is otherwise available by law, proceedings for such review shall . . . be governed by these Rules of Civil Procedure as modified by this rule." (Emphasis added.)). In contrast, a municipality's determination that a road is abandoned is not an "action" by a governmental agency. When a municipality makes a determination that a road is abandoned pursuant to section 3028 it is not engaging in any legislative action to abandon the road; rather, the municipality is merely positing that a road has or has not been abandoned due to the passage of time and maintenance history. *See* 23 M.R.S. § 3028(1). Because a person aggrieved by road abandonment has become aggrieved only by the operation of law—not by a municipal board's observation that the abandonment has occurred—there is no municipal action to form the basis of a Rule 80B appeal. Therefore, a declaratory judgment action, as expressly permitted in section 3028, is the appropriate and statutorily authorized process for resolving the status of a presumptively abandoned town way.[6]

---

[6] The Pauls allege in their amended complaint and second amended complaint that the Board "voted to determine that the 'upper portion' of Bolin Hill Road [has been] abandoned pursuant to 23 M.R.S. § 3028(2) and that a public easement is retained over the abandoned portion by the inhabitants of the Town of Liberty." As with the determination of abandonment, the Board's "determination" that a public easement is retained is not legislative action, and the existence or nonexistence of a public easement may be appropriately addressed in a declaratory judgment action.

[¶14] In denying the Pauls leave to amend their complaint, the court also reasoned that the Pauls could not use a declaratory judgment action to enable them to bring an action that was otherwise time-barred. *Cf. Sold, Inc. v. Town of Gorham*, 2005 ME 24, ¶ 10, 868 A.2d 172 ("A declaratory judgment action cannot be used to create a cause of action that does not otherwise exist. . . . Thus, a declaratory judgment action cannot be used to revive a cause of action that is otherwise barred by the passage of time."). The court's reasoning, however, was based on the erroneous conclusion that a Rule 80B appeal was the method by which to challenge a town's determination that the passage of time has resulted in a road abandonment. As noted above, an action for declaratory relief is the appropriate avenue for determining the abandonment status of a town way, and thus is not subject to the time limits of Rule 80B(b). *See Colby v. York Cty. Comm'rs*, 442 A.2d 544, 547 (Me. 1982) ("[I]n the present circumstance where the action is filed after the expiration of thirty days, the existence of an independent basis for judicial intervention or an exception to the exclusivity of direct review is crucial."). Because the Pauls could properly assert a declaratory judgment action as specifically provided by statute, any untimeliness of an 80B appeal would have no effect on the issues raised in the

motion to amend.[7]

[¶15]  We note also that the factors typically supporting the denial of requests for leave to amend seem not to be present here.  The fact that the Pauls' second motion to amend was filed about fifteen weeks after the Town responded to the original complaint does not, on this record, constitute an undue delay.  *Compare Montgomery*, 2016 ME 44, ¶ 15, 135 A.3d 106 (affirming the denial of a third motion to amend a complaint made three years after commencement of the suit), *with Kelly v. Michaud's Ins. Agency, Inc.*, 651 A.2d 345, 347 (Me. 1994) (vacating the denial of a motion to amend made six weeks after a responsive pleading was filed and seven months before the discovery deadline).  Moreover, there is no apparent undue prejudice from the delay, because the declaratory judgment action addresses issues already presented by the inapplicable Rule 80B complaint.  *See Bangor Motor Co. v. Chapman*, 452 A.2d 389, 393 (Me. 1982).  Finally, the record offers no evidence of bad faith or futility of amendment; amending the complaint would have saved the complaint from dismissal by asserting a cause of action that was both permitted and timely pursuant to 23 M.R.S. § 3028.

---

[7] To the extent that the Pauls' declaratory judgment action challenges the process and procedures under which the Town "voted to determine" the status of the abandonment and public easement, these are issues that are ordinarily addressed in a Rule 80B appeal.  The declaratory judgment action cannot be used to revive or litigate 80B issues that are otherwise lost due to untimeliness.

12

[¶16]  For the aforementioned reasons, we conclude that the court erred in denying the Pauls' motion for leave to amend Count I of the complaint upon the assumption that declaratory judgment was not available as a matter of law.

B.     Motion to Dismiss

1.     Count I (Relief Pursuant to Rule 80B)

[¶17]  The court dismissed Count I of the Pauls' amended complaint on the grounds that it did not have subject matter jurisdiction because the original Rule 80B complaint was untimely.  *See* M.R. Civ. P. 12(b)(1).  "Statutory limitations on appeal periods are jurisdictional."  *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 11, 751 A.2d 1024.  We review the grant of a motion to dismiss challenging the court's jurisdiction de novo but make no inferences in favor of the plaintiff.  *Gorham v. Androscoggin Cty.*, 2011 ME 63, ¶ 9, 21 A.3d 115.

[¶18]  As discussed *supra*, 23 M.R.S. § 3029 permits an aggrieved landowner to appeal a municipal action pursuant to M.R. Civ. P. 80B.  The rule provides that

> [t]he time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought unless the court enlarges the time in accordance with Rule 6(b) . . . .

M.R. Civ. P. 80B(b). Because sections 3028 and 3029 do not provide a time limit for Rule 80B appeals, Rule 80B's thirty-day time limit applies. *See id.* The Board's vote, confirming that the road had been abandoned by the passage of time and operation of law, took place on December 29, 2014.[8] Accordingly, the Pauls' Rule 80B appeal should have been filed on or before January 28, 2015, but was not filed until February 27, 2015. Thus, because the Rule 80B action was untimely, it was subject to dismissal for lack of subject matter jurisdiction. We discern no error in the court's dismissing Count I of the amended complaint pursuant to M.R. Civ. P. 12(b)(1).

2.     Count II (Damages Pursuant to Section 3029)

[¶19] A court properly dismisses a complaint when the complaint fails "to state a claim upon which relief can be granted." M.R. Civ. P. 12(b)(6). We review a court's decision on a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) by examining the plaintiff's complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause

---

[8] In the context of Rule 80B, "'notice of any action' refers to an action that fully decides and disposes of the whole cause leaving no further questions for . . . future consideration and judgment . . . ." *Gorham*, 2011 ME 63, ¶ 12, 21 A.3d 115 (quotation marks omitted); *see* M.R. Civ. P. 80B(b). For example, in *Gorham*, we held that "for purposes of Rule 80B(b), 'notice of any action' involving the dismissal of a county employee . . . occurs when the employee receives a copy of the written decision of the [agency]," rather than when the agency voted on the matter, because the applicable statute requires the agency to issue a written decision. *Id.* ¶¶ 17-20. In contrast, 23 M.R.S. § 3028 did not require the Board to issue a written decision regarding its December 2014 vote, so the Rule 80B appeal period commenced upon the affirmative vote of the Board.

14

of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676. (quotation marks omitted). We will affirm a dismissal "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* Our review of issues of statutory interpretation is de novo. *Fox Islands Wind Neighbors v. Dep't of Envtl. Prot.*, 2015 ME 53, ¶ 11, 116 A.3d 940.

[¶20] With respect to damages, 23 M.R.S. § 3029 provides:

Any person aggrieved by the determination of the damages awarded to owners of property or interests therein under this chapter may, within 60 days after the day of taking, appeal to the Superior Court . . . . The court shall determine damages . . . .

We conclude that the plain language of section 3029 does not create a separate cause of action to obtain damages in appeals from proceedings undertaken pursuant to the subsections of chapter 304; rather, it provides a basis to appeal the amount of damages awarded pursuant to other sections in the chapter. As we have explained, because compensation "pursuant to section 3029 depends, first, on the municipality's award of damages pursuant to . . . some other section of chapter 304, section 3029 essentially provides a subsequent procedure that allows for a de novo determination of damages." *Frustaci v. City of S. Portland*, 2005 ME 101, ¶ 10, 879 A.2d 1001. That other section is the "underlying

authority for [an] award of damages" pursuant to section 3029.  *Id.*

[¶21]  Section 3028 does not reference or provide for an assessment of damages due to road abandonment,[9] and thus does not provide an "underlying authority" for a damages award as a result of road abandonment.[10]  Because statutory damages are not available pursuant to section 3028 and section 3029 does not create a separate basis for damages, there is no claim for relief stated in Count II of the Pauls' complaint.  Therefore, the court did not err in dismissing Count II of the amended complaint pursuant to M.R. Civ. P. 12(b)(6).

---

[9]  Unlike section 3028, other sections in chapter 304 do discuss damages in the context of permitting a municipality to acquire or disclaim property.  *See* 23 M.R.S. § 3023 (2015) (eminent domain); 23 M.R.S. § 3025 (2015) (dedication and acceptance); P.L. 2015, ch. 464, § 5 (effective July 29, 2016) (to be codified at 23 M.R.S. § 3026-A) (discontinuance); 23 M.R.S. § 3027 (2015) (vacation) (Title 23 M.R.S. § 3027 has since been amended.  P.L. 2015, ch. 464, § 6 (effective July 29, 2016) (to be codified at 23 M.R.S. § 3027(1))); 23 M.R.S. § 3028 (abandonment).

[10]  We recognize that this interpretation of section 3029 could be read as conflicting with other language from our decision in *Frustaci*.  In that case, we explained:

> Section 3029 provides the authority for any landowner harmed by government action discussed in *any* provision in chapter 304 to seek a de novo determination of the entitlement to and appropriate amount of damages in the Superior Court following a municipality's administrative decision . . . .  [Section 3029] allows damages to be sought in the Superior Court from the many assorted government actions mentioned in chapter 304 . . . including the discontinuance or abandonment of town ways . . . .

*Frustaci v. City of S. Portland*, 2005 ME 101, ¶ 11, 879 A.2d 1001 (citing 23 M.R.S. §§ 3023, 3026, 3027, 3028).  In *Frustaci*, we held that a constitutionally significant taking is not required to pursue damages caused by municipal actions pursuant to chapter 304, *id.* ¶ 9, but we did not intend to create a cause of action for damages pursuant to section 3028 where one did not previously exist.  In conjunction with our prior statements in *Frustaci*—that another section provided the "underlying authority" for section 3029 damages and that section 3029 is a "subsequent procedure" for de novo review of damages—we clarify that section 3029 should not be construed to create a basis for damages in the context of section 3028 abandonment.

### III. CONCLUSION

[¶22]  We remand to allow the court to address the motion for leave to amend in accordance with the principles set out in section A, above.  Although our affirmance of the dismissal of Counts I and II (the only counts of the complaint) would seemingly leave nothing to amend, the Superior Court's action on the motion to amend necessarily occurs before action on the motion to dismiss.  Accordingly, our remand effectively resets the court's action on the motion to amend to a prior point in time when the complaint remained viable.

The entry is:

> The order denying the Pauls' motion for leave to amend is vacated.  The motion for leave to amend is remanded to the Superior Court for further proceedings consistent with this opinion. The order granting the Town of Liberty's motion to dismiss Counts I and II is affirmed.

**On the briefs:**

Adam P. Paul, Debra M. Paul, and George E. Paul, appellants pro se

Kristin M. Collins, Esq., and William S. Kelly, Esq., Kelly & Collins, LLC, Belfast, for appellee Town of Liberty