STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2018-15

CHARLES MCINTYRE,
    Plaintiff

V.

**ORDER ON MOTION TO DISMISS**

TOWN OF CLINTON,
    Respondent

This matter is before the court on the Defendant's Motion to Dismiss the Plaintiff's appeal pursuant to M.R.Civ.P. 80B on the basis that it is untimely and, accordingly, the court lacks subject matter jurisdiction. The pleadings filed in this case reveal the following.

In a letter dated December 27, 2017 the Town of Clinton sent the Plaintiff a "Notice of Hearing" that the Select Board would conduct a hearing on January 23, 2018 "to determine whether the residential structure at 1167 Main Street, Clinton, Maine, . . . is a dangerous building or nuisance within the meaning of 17 M.R.S. §2851, and if so, what is the appropriate remedy." The Board conducted the hearing as scheduled and the Plaintiff attended and testified. In a written Order dated January 23, 2018, and after a unanimous vote, the Select Board found that the structure was a dangerous building and ordered its demolition no later than March 30, 2018. A copy of the Order was served on the Plaintiff on January 30, 2018 by means of serving a copy upon a person of suitable age and discretion then residing at the Plaintiff's usual place of abode in accordance with M.R.Civ.P. 4(d)(1).[1]

---

[1] Specifically, the return of service indicates that a copy was left with the girlfriend of the Plaintiff's son.

The Plaintiff filed his handwritten notice of appeal with this court on March 30, 2018. A briefing schedule was issued that same day. On April 5, 2018, the Defendant moved to dismiss the appeal because it was not timely filed.

Title 17 M.R.S. §2851 sets forth the procedure for the municipal officers of a town to conduct a hearing and "adjudge a building to be a nuisance or dangerous." A requirement of the statute is that a copy of any order issued by the municipal officer must be served upon the owner of the building "in the same way service of process is made in accordance with the Maine Rules of Civil Procedure," which was done in this case. 17 M.R.S. §2851(3). An appeal of any order issued under section 2851 "must be to the Superior Court, pursuant to the provisions of the Maine Rules of Civil Procedure, Rule 80B."

Since the statute is silent as to when an appeal under Rule 80B must be filed in order to be timely, the provisions of M.R.Civ.P. 80B(b) control. That rule specifies that "the complaint shall be filed within 30 days after notice of any action . . . of which review is sought unless the court enlarges the time in accordance with Rule 6(b)." The Plaintiff has never sought an enlargement of time pursuant to Rule 6(b).

The Plaintiff's complaint or notice of appeal should have been filed by March 1, 2018, i.e., 30 days after January 30, 2018 when he was served a copy of the Select Board's decision. Instead, he filed his notice of appeal on March 30, 2018. Because this Rule 80B action is untimely, it must be dismissed for lack of subject matter jurisdiction. *Paul v. Town of Liberty*, 2016 ME 173, ¶ 18, 151 A.3d 924.

The entry is:

Defendant's Motion to Dismiss is GRANTED. Plaintiff's Rule 80B appeal is DISMISSED.

The Clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

Dated: May 4, 2018

William R. Stokes
Justice, Superior Court

Entered on the docket 5/4/18

3