STATE OF MAINE  
CUMBERLAND, ss.

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. CV-19-039

ROBERT L. CONNARY, SUSAN E.  
NAPOLITANO, PATRICIA A.  
NARDUCCI, JAMES C. CLARK,  
MARGARET A. GILLETT, and ERIC  
R. CLARK,

ORDER ON PENDING  
MOTIONS

        Plaintiffs

    v.

RICHARD A. SHEA, individually, and  
as Trustee of the SHEA FAMILY  
LIVING TRUST, and as personal  
representative of the ESTATE OF  
PATRICIA C. SHEA, DENNIS G.  
SHEA, WILLIAM P. SHEA, and the  
SHEA FAMILY LIVING TRUST,

        Defendants

Before the court are defendant Richard Shea's Rule 12(b)(6) motion to dismiss plaintiffs' amended complaint, plaintiffs Robert Connary, Susan Napolitano, Patricia Narducci, James Clark, Margaret Gillet, and Eric Clark's motion for an order to show cause to trustee, plaintiffs' motion for leave to file a second amended complaint, and plaintiffs' motion for Eric Clark to appear pro hac vice. For the following reasons defendant's motion to dismiss is denied, plaintiffs' motion for an order to show cause is denied, and plaintiffs' motions for leave to file a second amended complaint and for leave to appear pro hac vice are granted.

ATTORNEYS:  
Jeremy Dean, Esq. (for plaintiffs)  
Eric Clark, Esq. (for plaintiffs pro hac vice)  
Eamonn Hart, Esq. & Daniel Nuzzi, Esq. (for defendant Richard Shea)

REC'D CUMB CLERKS OFC  
SEP 24 '19 PM 2:31

1

## I.    Background

Plaintiffs are the nieces and nephews of the recently deceased Patricia C. Shea. (Am. Compl. ¶ 12.) Patricia Shea married William Shea in 1977. (Am. Compl. ¶ 7.) At the time of their marriage, Willaim Shae had three sons, defendants Richard Shea, Dennis Shea, and William Shea. (Am. Compl. ¶ 7.) In 2003, Patricia and William Shea created the Shea Family Living (Revocable) Trust (the Trust). (Am. Compl. ¶ 9.) The Trust included in its assets General Electric and Siwooganock Bank stocks that Patricia Shea inherited from her mother Mary Ellen Connary. (Am. Compl. ¶ 6-9.) William Shea passed away in 2006. (Am. Compl. ¶ 15.) In 2006, Sigwooganock Bank recalled its stock in preparation for sale of the bank. (Am. Compl. ¶ 16.) Plaintiffs believe that Patricia Shea redeemed her Siwooganock Bank shares in 2006. (Am. Compl. ¶ 16.) Patricia Shea passed away on November 29, 2018. (Am. Compl. ¶ 18.)

Upon Patricia Shea's death, Defendant Richard Shea became the trustee of the Trust. (Am. Compl. ¶ 20.) The Trust provides that upon the death of the second of Patricia and Willaim Shea, plaintiffs would receive all the General Electric Stock and Siwooganock Bank. (Am. Compl. ¶ 9.) Defendant Richard Shea as trustee has determined that the Siwooganock Bank stocks were sold in 2006 and no longer part of the trust. (Am. Compl. ¶ 23.) Plaintiffs brought this action to challenge defendant Richard Shea's determination.

## II.    Procedural History

Plaintiffs filed a complaint on February 7, 2019. Plaintiffs filed an amended complaint on February 19, 2019, with five counts: count I, breach of fiduciary duty against defendant Richard Shea; count II, enforcement of or reformation of the trust; count III, breach of fiduciary duty – money damages against defendant Richard Shea; count IV, order avoiding any disbursements; and count V, return of distributions.

2

Defendant Richard Shea in his capacity as trustee of the Trust filed a motion to dismiss plaintiffs' amended complaint pursuant to M.R. Civ. P. 12(b)(6) on March 19, 2019. This motion was joined by all defendants on April 19, 2019. Plaintiffs opposed defendants' motion to dismiss on April 9, 2019. Defendants replied to plaintiffs' opposition to their motion to dismiss on April 16, 2019.

Plaintiffs filed a motion for an order to show cause on April 17, 2019. Plaintiffs filed a motion for leave to file a second amended complaint on April 25, 2019. Defendants opposed plaintiffs' motion for leave to file a second amended complaint and defendant Richard Shea opposed plaintiffs' motion for an order to show cause on May 15, 2019. Plaintiffs filed replies to both oppositions on May 22, 2019. The court signed a consented to confidentiality order on May 21, 2019.

Plaintiff Eric Clark, Esq. filed a notice to appear pro se on July 19, 2019. Plaintiffs filed a motion for plaintiff Eric Clark to appear pro hac vice to represent them in association with their current council Jeremy Dean on July 22, 2019. Defendants opposed plaintiffs' pro hac vice motion on July 26, 2019. Plaintiffs replied to defendants' opposition of their pro hac vice motion on August 2, 2019.

III.    Plaintiffs' Motion for an Order to Show Cause to Trustee

Plaintiffs argue that defendant Richard Shea's actions defending this lawsuit are self-serving and request that the court order him to show cause as to why he should not be removed as the trustee. (Pls.' Mot. for Order to Show Cause 1-2.) Defendant Richard Shea counters that he is fulfilling his duties as trustee and plaintiffs' disagreement with his interpretation of the trust is not a sufficient reason to remove him as trustee. (Def. Richard Shea's Opp'n to Pls.' Mot. for Order to Show Cause 1-5.)

3

The court may remove a trustee if:

A. The trustee has committed a serious breach of trust;

B. Lack of cooperation among cotrustees substantially impairs the administration of the trust;

C. Because of unfitness, unwillingness or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries; or

D. There has been a substantial change of circumstances or removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.

18-B M.R.S. § 706 (2018). Plaintiffs rely on subsection A of section 706 for removal of defendant Richard Shea as trustee. Plaintiffs and defendants disagree on the interpretation of the trust. A finding that a breach of trust has occurred is premature and may be appropriate only after the record is more fully developed. See Golodner v. Clark, 2017 Me. Super. LEXIS 249, *5-6. The fact that defendant Richard Shea is both trustee and a beneficiary who may benefit from a certain interpretation of the trust is not a per se grounds for removal. See Restatement (Third) of Trusts § 79, cmt. b(1) (Am. Law Inst. 2012); see also Estate of Greenblatt, 2014 ME 32, ¶ 15, 86 A.3d 1215 ("If the will appoints a beneficiary to serve as a personal representative, we note that the personal representative does not automatically breach a fiduciary duty by distributing assets to himself or herself as a beneficiary."). By the explicit terms of the trust, the settlors chose defendant Richard Shea to be their successor trustee for a trust through which he would be a beneficiary. (Defs.' Mot. to Dismiss, Ex. A, at 1, 3); see Restatement (Third) of Trusts § 78, cmt. c(2) (Am. Law Inst. 2012). Plaintiffs seek judicial clarification on the interpretation of the trust instrument. This is the proper

4

remedy for the current dispute between plaintiffs and defendants. Restatement (Third) of Trusts § 71 (Am. Law Inst. 2012). Plaintiffs' motion for an order to show cause is denied.

IV.  Plaintiffs' Motion for Leave to file a Second Amended Complaint and Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

Plaintiffs request permission to file a second amended complaint. Defendants oppose, arguing that plaintiffs proposed amendments are superficial and futile. (Defs.' Opp'n to Pls.' Mot. to Amend 2-6.) Defendants also seek to dismiss plaintiffs' complaint pursuant to M.R. Civ. P. 12(b)(6).

"Ordinarily, a trial court should rule on a motion for leave to amend before acting on another motion, such as a motion to dismiss, that could be dispositive of the original complaint." Paul v. Town of Liberty, 2016 ME 173, ¶ 7, 151 A.3d 924. Because plaintiffs have already amended their complaint once as a matter of course, plaintiffs may amend their complaint "only by leave of court" which "shall be freely given when justice so requires." M.R. Civ. P. 15(a). "A motion to amend may be denied based on one or more of the following grounds: undue delay, bad faith, undue prejudice, or futility of amendment." Montgomery v. Eaton Peabody, LLP, 2016 ME 44, ¶ 13, 135 A.3d 106.

In their motion to amend, plaintiffs propose to amend their complaint to add information on their second count for declaratory judgment on interpretation of the trust and to add four counts for breach of fiduciary duty. (Pls.' Mot. Amend Ex. A.) No answer has been filed by defendants. The court does not find that undue delay, bad faith, undue prejudice, or futility of amendment are present to defeat the motion. Plaintiffs' motion for leave to file a second amended complaint is granted. Defendants' motion to dismiss plaintiffs' amended complaint is denied.

## V.    Plaintiffs Motion for Eric Clark to Appear Pro Hac Vice

Plaintiffs move for leave to have plaintiff Eric Clark appear pro hac vice on their behalf, with Maine attorney Jeremy Dean serving as local counsel. (Pls.' Mot. for Leave to Appear Pro Hac Vice.) Defendants object and argue that allowing plaintiff Eric Clark to appear as an attorney would violate Maine Rule of Professional Conduct 3.7, "Lawyer as a Witness." (Defs.' Opp'n to Pls.' Mot for Leave to Appear Pro Hac Vice 1.)

In their opposition, defendant argue, "[w]hile this case is still in its early stages, it is fair to think that Plaintiff Clark's testimony will be very important, and that it may well conflict with that of defense witnesses . . . Though the proceedings are still in their early stages, the reasonable possibility of confusions and unfair inflation of credibility is sufficient to warrant rejection of Plaintiff Clark's efforts." (Defs.' Opp'n Mot. Pls.' Mot for Leave to Appear Pro Hac Vice 3-4.) Possibilities are insufficient to deny plaintiff's motion. See Williams v. Bezos, No. 1:17-cv-00043-GZS, 2017 U.S. Dist. LEXIS 77072, at *7 (D. Me. May 22, 2017); Andrade v. Andrade, 2014 Me. Bus. & Consumer LEXIS 18, *5.

The entry is

> Defendants Richard Shea, Individually, and as Trustee of the Shea Family Living Trust, and as Personal Representative of the Estate of Patricia Shea, Dennis Shea, and William Shea's Motion to Dismiss pursuant to Rule 12(b)(6) is DENIED.
>
> Plaintiffs Robert Connary, Susan Napolitano, Patricia Narducci, James Clark, Margaret Gillett, and Eric Clark's Motion for Leave to File a Second Amended Complaint is GRANTED.
>
> Plaintiffs Robert Connary, Susan Napolitano, Patricia Narducci, James Clark, Margaret Gillett, and Eric Clark's Motion for an Order to Show Cause to the Trustee is DENIED.

6

Plaintiffs Robert Connary, Susan Napolitano, Patricia Narducci, James Clark, Margaret Gillett, and Eric Clark's Motion for Eric Clark to appear <u>Pro</u> <u>Hac</u> <u>Vice</u> is GRANTED. Attorney Eric Clark will at all times be associated with Attorney Jeremy Dean.

Date:   September 24, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 9.27.19

7