STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-23-74


ALEXIS MILLER,

      Plaintiff,

      v.
                                                  **COMBINED ORDER ON MOTION TO**
CAMPING WORLD CAMPER SALES,                        **DISMISS AND MOTION FOR LEAVE**
LLC,

      Defendant,


Before the court are two motions: Defendant's Motion to Dismiss and Plaintiff's Motion

for Leave to File First Amended Complaint.


**Background**

The following facts are represented in Plaintiff's initial Complaint:

On July 1, 2021, the parties entered into a contract whereby Plaintiff would purchase a

non-motorized camper from Defendant for a total of $39,663.49. Defendant expressly warranted

that the camper was above-average quality and was in brand-new condition. Defendant knew

Plaintiff's purposes for the camper and expressly promised that the camper was fit. Defendant

concealed serious structural defects. At some point on or after July 1, Plaintiff paid the full price

and took possession of the camper.

Plaintiff secured a position as a travelling nurse in Arizona before October 2022 and left

on the cross-country drive towing the camper on October 28, 2022. On her drive, Plaintiff

encountered many substantial and dangerous defects with the camper, which she needed to repair

1

REC'D CUMB CLERKS OF
AUG 3 '23 AM9:44

in Missouri, Texas, and New Mexico. The camper is now in Arizona, and its defects have rendered it inoperable and unrepairable. Plaintiff has demanded Defendant repair the camper at its sole cost or that Defendant refund the full cost of the camper paid under the contract, but Defendant has refused.

Plaintiff's initial Complaint brings Count I for breach of implied warranty of merchantability seeking damages, Count II for breach of implied warranty of fitness for a particular purpose seeking damages, Count II for breach of implied warranty of merchantability seeking contract recission, Count IV for breach of implied warranty of fitness for a particular purpose seeking contract recission, Count V for violation of the Maine Unfair Trade Practices Act ("UTPA") seeking damages, Count VI for fraud seeking contract recission.

Plaintiff's proposed First Amended Complaint corrects Defendant's title from Camping World Camper Sales to Camping World RV Sales and states that Kurt Wescott was the salesperson for Defendant who advised Plaintiff in her purchase.

**Discussion**

1. Motion for Leave to File First Amended Complaint

The court first considers the Motion for Leave. *Paul v. Town of Liberty*, 2016 ME 173, ¶ 7, 151 A.3d 924 (citing *Sherbert v. Remmel*, 2006 ME 116, ¶ 8, 908 A.2d 622; *Jones v. Suhre*, 345 A.2d 515, 517-18 (Me. 1975)). Defendant opposes the motion on the grounds that it is futile because it does not protect any portion of the Complaint from dismissal.

When a party moves for leave to amend its pleading, "leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). When a moving party is not "acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice to the opponent." *Holden v.*

*Weinschenk*, 1998 ME 185, ¶ 6, 715 A.2d 915 (quoting I Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 (2d ed. 1970)). Amendments changing the name of a party should be permitted when the correctly named party has received notice of the action such that it will not be prejudiced in its defense and knew or should have known that but for the naming mistake the action would have been brought against the correct party. M.R. Civ. P. 15(c)(3).

The court allows the amendment as to the Defendant's proper name, having found the requirements of Rule 15(c)(3) are met. The only other amendments Plaintiff has proposed are the inclusion in several places of the name of the sales representative who negotiated with Plaintiff. Because these amendments bring more specificity to the Complaint, and Defendant's Motion to Dismiss argues the Complaint fails to state a claim upon which relief can be granted, the court concludes that justice would be served by granting the requested leave. *Cf. Paul*, 2016 ME 173, ¶ 7, 151 A.3d 924 (motion for leave should be decided before dispositive motion). Plaintiff's Motion for leave is granted.


2. Motion to Dismiss

Having granted the Motion for Leave, the court considers the Motion to Dismiss against the First Amended Complaint. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Env't Prot.*, 498 A.2d 260, 266 (Me. 1985)). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." M.R. Civ. P. 9(b).

3

Defendant argues that all six of Plaintiff's claims against it should be dismissed for failure to state a claim, M.R. Civ. P. 12(b)(6). It argues Plaintiff's claims for breach of implied warranties and violation of the UTPA are barred by the statute of limitations and Plaintiff has failed to plead facts with requisite particularity to support a claim of fraud.

Defendant argues that the contract the parties entered specifies a one-year statute of limitations for claims brought thereunder. Plaintiff responds that this clause of the contract should not be enforced against Plaintiff because modification of warranties are invalid as to sales of consumer goods under 11 M.R.S. § 2-316(5). Defendant responds that the reduction of the limitations period is governed by 11 M.R.S. § 2-725, not § 2-316.

"When statutory language is unambiguous, '[w]e discern legislative intent from the plain meaning of the statute and the context of the statutory scheme.'" *Allied Res., Inc. v. Dep't of Pub. Safety*, 2010 ME 64, ¶ 15, 999 A.2d 940 (quoting *Cobb v. Bd. of Counselling Pros. Licensure*, 2006 ME 48, ¶ 11, 896 A.2d 271). If they can be reasonably construed, words are not to be treated as surplusage. *Id.* (quoting *Cobb*, 2006 ME 48, ¶ 11, 896 A.2d 271).

The parties generally agree that the Uniform Commercial Code – Sales governs their transaction. That portion of the Code applies to transactions in goods, meaning all things "which are movable at the time of identification to the contract for sale...." 11 M.R.S. §§ 2-103, 2-105. Under § 2-316(5),

> [a]ny language, oral or written, used by a seller or manufacturer of consumer goods and services that attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose or to exclude or modify the consumer's remedies for breach of those warranties is unenforceable. ... Consumer goods and services are those new or used goods and services, including mobile homes, that are used or bought primarily for personal, family or household purposes.

4

Section 2-275, entitled "Statute of limitations in contracts for sale" states that an action for breach must be commenced within four years of accrual and "[b]y the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it." § 2-725(1).

> A cause of action accrues when the breach accrues .... A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await a time of such performance the cause of action accrues when the breach is or should have been discovered.

§ 2-725(2).

"'Delivery' with respect to an electronic document of title means voluntary transfer of control and with respect to an instrument, a tangible document of title or chattel paper, means voluntary transfer of possession." 11 M.R.S. § 1-1201(15). Tender of delivery

> contemplates an offer coupled with a present ability to fulfill all the conditions resting on the tendering party and must be followed by actual performance if the other party shows himself ready to proceed. Unless the context unmistakably indicates otherwise this is the meaning of "tender" in this Article.... At other times it is used to refer to an offer of goods or documents under a contract as if in fulfillment of its conditions even though there is a defect when measured against the contract obligation. Used in either sense, however, "tender" connotes such performance by the tendering party as puts the other party in default if he fails to proceed in some manner.

U.C.C. § 2-503 cmt. 1 (Am. L. Inst. 2010); *see* 11 M.R.S. § 2-503.

The structure of Article 2 of the Code indicates that § 2-316, appearing in Part 3 "General Obligation and Construction of Contract," governs the substance of the implied warranties, whereas § 2-725, appearing in Part 7 "Remedies," governs the procedure for seeking remedies including bringing actions in court. Section 2-275(1) specifically mentions the parties' ability to modify the statute of limitations, and then defines the time of accrual of actions for breach of warranty in subsection two. Other instances in the Code suggest that the Legislature would have stated outright if § 2-725 did not apply in implied warranty actions. *See, e.g.,* 11 M.R.S. § 2-316(5)

5

("The provisions of subsections (2), (3), and (4) do not apply to sales of consumer goods or services."). In light of § 2-725, the court is not persuaded that the limitation on modifying or excluding implied warranties in § 2-316(5) extends to the statute of limitations for these actions. Therefore, the court concludes that the parties' modification of the statute of limitations to one year is enforceable.[1]

Under the set of facts alleged, Plaintiff did not notice the defects in the camper until October 2022, when she began towing the camper cross-country. Even so, "a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach" and a breach of warranty occurs at tender of delivery. § 2-725(2). The court does not understand Plaintiff's allegations as written to allege that either of the warranties "explicitly extend[ed] into the future." See § 2-725(2).

The Complaint alleges that the camper was delivered to Plaintiff after she paid the purchase price in full. The July 1, 2021 contract shows a cash down payment of $15,000 and an amount received of $24,663.49 at the time the parties agreed to the sale. However, it is unclear whether Defendant was presently able to fulfill all of the conditions resting on it at that time. The Complaint next refers to a date when it states Plaintiff began her cross-country trip in October 2022. The legal standard for a motion to dismiss requires the court deny the motion if there are any facts that Plaintiff could prove in support of her claim that would entitle her to relief. *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830 (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244). If Plaintiff were to show that tender of delivery occurred within a year of Plaintiff's filing

---

[1] The court agrees that some of the cases that Defendant has cited provide persuasive authority. *See Galipeault v. USRV, Inc.*, No. 0600343, 2006 WL 4114303, at *1 (Mass. Super. Ct. Dec. 20, 2006) (citing Mass. Gen. Laws ch. 106 §§ 2-316A (same relevant language as 11 M.R.S. § 2-316(5)); 2-725 (same relevant language as 11 M.R.S. § 2-725(1))); *Martin v. Thor Motor Coach*, 474 F. Supp. 3d 978, 983 (N.D. Ind. 2020) (quoting *Jandreau v. Sheesley Plumbing & Heating Co.*, 324 N.W.2d 266, 273 (S.D. 1982)) ("A statute of limitations neither excludes nor modifies warranties, but only limits the period of time in which an action may be brought.").

6

her Complaint on February 21, 2023, Counts I-V may not be time-barred. On this record, the court cannot grant Defendant's motion as to Plaintiff's Counts I-IV.

Defendant argues that Count VI does not state a claim of fraud with requisite particularity because it lacks facts suggesting Camping World may have known about the defects. Plaintiff responds that the Complaint states that Defendant, through its salesperson, stated that the camper was above-average quality after having inspected the camper. Ultimately, the test is "whether defendant is fairly apprised of the elements of the claim." *TD Banknorth, N.A, v. Hawkins*, 2010 ME 104, ¶ 23, 5 A.3d 1042.

> Plaintiff's fraud count states that
>
> In describing the camper to Plaintiff, Defendant expressly warranted to plaintiff that the camper was of superior and above-average quality based on Defendant's inspection of the camper, and like brand new, and made material false representations concerning the fitness and condition of the camper, which representations were known by Defendant to be false and /or were made recklessly as assertions of fact without knowledge of their truth or falsity.

Pl.'s Compl. ¶ 59. It also states that Defendant had the "intention and knowledge that [the misrepresentations] would be acted and relied upon by Plaintiff," ¶ 60, and that Plaintiff did rely on the misrepresentations to her detriment, ¶ 61. Other assertions in the Complaint include that Plaintiff paid $39,663.49 for the camper, that it broke down beyond repair on her cross-country drive, that Defendant had advised her the camper would suit her needs, that she relied on the Defendant's expertise, and that the trailer is now inoperable. The court concludes that these allegations are sufficient to put Defendant on notice of the claim against it and to meet the requirements of pleading with particularity. *See Barnes v. McGough*, 623 A.2d 144, 144, 146 (Me. 1993); *James v. MacDonald*, 1998 ME 148, ¶ 8, 712 A.2d 1054; M.R. Civ. P. 9(b)(complainants may aver knowledge generally).

7

**Conclusion**

The court concludes that Defendant has not carried its burden to show that Plaintiff's claims were brought outside of the statute of limitations or that the claim for fraud is inadequately pled.

The entry is

> Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED. Defendant's Motion to Dismiss is DENIED.

The clerk shall incorporate this Order on the docket by reference. M.R. Civ. P. 79(a).

Date: 8/3/23

Thomas R. McKeon
Justice, Maine Superior Court

Entered on the Docket: 8/3/2023

8